WHITCHER et al. v. BONNEVILLE IRR. DIST. et al.

No. 4544. Decided May 2, 1927. (256 P. 785.)

*Clark, Richards & Bowen,* of Salt Lake City, for appellants.

*Holmgren, Anderson & Russell,* of Salt Lake City, for respondents.

GIDEON, J.

The Bonneville irrigation district was organized in March, 1920, under and by authority of chapter 68, Laws Utah 1919. That chapter is entitled:

"An act to provide for the organization and government of irrigation districts and to provide for the acquisition or construction of works for the irrigation, drainage, and local improvement of lands embraced within such districts, also to provide for the distribution of water for irrigation purposes," etc.

No question is raised in this proceeding respecting the regularity of the organization of the distrct. The act provides for and prescribes the means or procedure by which lands contiguous to an irrigation district may be included in and become a part of such district. Further reference will be made to the sections of the act relating to the inclusion of additional lands later in this opinion.

Plaintiffs are the owners of lands brought into the district by petition in the year 1921. The defendants are the Bonneville irrigation district, the individual directors of the district, the county assessor, the county treasurer, and the auditor of Davis county. The boundaries of the district, together with the extension, are all within Davis county. The relief sought is a judgment of the court (1) requiring and directing that the boundaries of the district be so changed as to exclude the lands of plaintiffs; (2) that all sales of plaintiffs' lands made by reason of assessments made upon and taxes levied against those lands by reason of be-

ing incorporated within the boundaries of the irrigation district be held for naught, and that plaintiffs' title to their lands be quieted against all adverse claims of defendants and all persons claiming by or through them; (3) that the acts of the directors of the district, in extending its boundaries so as to include the lands of plaintiffs, be declared void, and that all assessments made and taxes levied upon said lands by reason of the same being included within the district be set aside and declared void; (4) that a temporary restraining order issue against the treasurer of Davis county, restraining that officer from offering any of plaintiffs' lands for sale by reason of a tax levied by the district and restraining the auditor of Davis county from issuing any deeds to any of the lands heretofore sold for delinquent taxes, and restraining defendants and each of them from hereafter assessing, levying, or collecting any further taxes against said lands and that upon final hearing such restraining orders be made permanent. The complaint also asks for general relief.

Plaintiffs allege insufficiency of the petition to authorize any order by the directors of the irrigation district to extend its boundaries to include their lands within said district; unconstitutionality of the act authorizing assessments against their lands, in that there is no provision in the act whereby a hearing is authorized at which a landowner or landowners can object to the allotment of water made to the lands of individual owners or any opportunity given to show why any or all of their individual lands could not and would not be benefited by the allotment of water or that their lands or any part of the same by reason of location could not be irrigated from the canals or irrigation system of such district; that the Bonneville irrigation district had wholly failed to construct any irrigation system by which the lands of plaintiffs could be irrigated and had wholly failed to distribute any water to the lands of plaintiffs from said irrigation district or otherwise. It is also alleged in the complaint that, subsequent to the making of the order including plain-

tiffs' lands within the district, annual assessments had been made and taxes levied against their respective lands. It is further alleged that all of the landowners in the addition had refused to pay such taxes except four, who had paid under protest, and that the levies and assessments were liens against their premises and clouds upon their titles.

The court found the issues in favor of defendants except one, E. A. Tripp, whose premises were relieved from the lien of the tax levied against his premises. Judgment was entered dismissing the complaint against all the plaintiffs except E. A. Tripp. From that judgment this appeal is prosecuted.

The court found that the proceedings resulting in the inclusion of appellants' lands within the district were regular, and that the order including such lands within the district was made upon petition; that notice was given; that no objections or protests were filed thereto, and "that all of said water allotments were duly and regularly made by said board of directors after having caused a survey thereof to be made; that none of the plaintiffs appeared at said hearing to object to, nor was any objection made by any of plaintiffs or any one else to, the inclusion of their lands within the defendant district or the allotment thereto as made as hereinabove stated." The court further found that no protest was filed with the board of directors within 30 days after the order allowing said petition and including appellants' lands within the irrigation district and making the allotments as aforesaid; that thereafter a certified copy of said order of the board of directors changing the boundaries of the district and alloting water to appellants' lands, together with a plat of such district showing such change certified to by the president and secretary of the district, were duly filed for record in the offices of the clerk and recorder, respectively, of Davis county, in which said county the district as changed is wholly contained and in which county the office of the district was then and is now located.

The lands of appellants lie immediately north of the north boundary line of the Bonneville irrigation district as the same was originally organized. The northern end of the irrigation system constructed by the Bonneville district terminated approximately 330 feet south of the south boundary of appellants' lands and about 330 feet south of the north boundary of the irrigation district as it originally existed. It was in contemplation of the parties that this irrigation canal or ditch should be extended northward to carry water to the lands of appellants. Maps were introduced in evidence showing the highest route over which this proposed extension of the canal could be made. It appears from those maps that much of the land of appellants lies to the east of, and at a higher elevation than, the proposed extension of the canal. Its surface is rugged and uneven; hence there is no possible means by which the same could be irrigated from the canal if extended. Moreover, it stands undisputed in this record, and was so found by the court in a separate and distinct finding, that the canal or irrigation ditch had not been extended and no water from the irrigation system of the Bonneville irrigation district had ever been conveyed or delivered to any of the lands of plaintiffs. All of the evidence in the record supports that finding of the court. It further appears from the undisputed evidence that there had been a break in the canal or irrigation ditch approximately one-quarter mile south of the northern end of the canal as originally constructed, and that the same had not been repaired north of such break and no water had been conveyed through the canal even to the north end of the same as it existed at the time the lands of appellants were included within the district.

It is insisted by appellants that the law under which the appellants' lands were included within the irrigation district is violative of section 7 of article 1 of the Constitution of this state; likewise that the law is violative of article 5 and section 1 of article 14 of the Amendments to the Constitution of the United States—this for the reasons that in the sections

of the act authorizing the inclusion of additional lands in an irrigation district no procedure is prescribed whereby a hearing may be had on the question of benefits to the lands of the respective owners, nor is there any provision for a hearing before any tribunal upon the question as to the amount of water that should be alloted to the lands of the respective owners. It is further insisted that the petition asking for the inclusion of appellants' lands within the district was insufficient by reason of failure to describe the lands as required by the act and furthermore by reason of the disqualification of the signers of said petition, and likewise that the notice of the hearing on the petition was insufficient on account of the defective land descriptions. It is further contended that the taxes are invalid and void, for the reason that the appellants have received no benefits and cannot therefore be subject to a tax. It is likewise contended that the allotments of water to appellants' lands were discriminatory and not based upon the exercise of a legal discretion and impose burdens which are confiscatory.

The sections of the act which prescribe the procedure for the inclusion of lands within an irrigation district are sections 29, 30, 31, 32, 34, and 35. Section 29, so far as material here, is as follows:

"Lands may be included in or excluded from any irrigation district, now or hereafter organized under the provisions of this act, in the manner herein prescribed; but any such inclusion or exclusion of lands shall not impair or affect the district organization or its rights in or to property, or any of its rights or privileges of whatsoever kind or nature, nor shall it affect, impair or discharge any contract, obligation, lien or charge for or upon which it was or might become liable or chargeable had such inclusion or exclusion of lands not been made."

It is provided in the other sections that the holder or holders of title or evidences of title representing a majority of the acreage in a body of land in the vicinity of an organized district may file a petition with the board of directors of the irrigation district in writing, praying that the lands may be included in such irrigation district. It is also pro-

vided that notice shall be given of this petition, a hearing had, and, if deemed for the best interest of the district by the board of directors, that an order may be made including the area described in the petition within the boundaries of the district. It is further provided that the board of directors shall "list and allot water to the included lands." The board of directors are then required to have platted the included lands as district lands. Certified copies of the plat and of the allotments are filed by the president and secretary of the irrigation district with the county clerk and in the office of the county recorder in the county in which the district is located, and thereby the addition becomes a part of the district and is thereafter subject to assessment and taxation.

As we view this record, it is not necessary to consider or determine the questions argued by appellants respecting the constitutionality of the provisions of the act relating to the admission of additional territory nor the question whether the petition presented to the board of directors was so defective as to the description of lands in the proposed addition as not to confer jurisdiction upon the board of directors to make an order including the lands. We are of opinion that the assessments made and taxes levied against appellants' lands are void and of no effect, by reason of the failure of the irrigation district to furnish any water to appellants' land or to construct any irrigation system by means of which water could be delivered to any of the lands within the boundaries of the lands described in the petition. Our conclusion upon this phase of the case is decisive of the rights of the parties to this proceeding, and hence a consideration of the other questions need not be undertaken here.

It is provided in section 19 of the act that "all taxes levied under this act are special taxes." The assessments and the taxes objected to herein are based upon the theory of benefits accruing to the lands assessed. The tax is not a tax levied for the general support of a state, county, or city government. *Argyle* v. *Johnson*, 39 Utah, 500, 118 P. 487; *Nelson* v. *Board of Com'rs.*, 62 Utah,

218, 218 P. 952. It is special to the property owners in the district.

It is provided in section 18 of the act that "the assessor shall assess the lands on the basis of the value per acre foot of water allotted to the lands within the district." It is also provided in the act that land shall not be taxed for irrigation purposes which, through any natural causes, cannot be irrigated or cannot be cultivated.

Special taxes are levied on the theory that the landowner receives benefits for the taxes which he is required to pay. The Bonneville irrigation district was an existing quasi public corporation prior to the date when appellants sought to have their lands included within the boundaries of that district. Whether the Bonneville irrigation district be designated a public corporation or a quasi public corporation or a private corporation, it existed as such organized body under and by virtue of the authority and the authority alone of chapter 68, Laws Utah 1919, and the amendments thereto. Its purposes and powers are defined and limited by this chapter and the amendments made thereto. As indicated in the caption of the act quoted, the district's purposes are the acquisition of works for the irrigation, drainage, and local improvement of lands embraced within the district. For those purposes only is the district given authority to assess and collect taxes against the lands benefited. The record in the instant case shows conclusively that the district was organized in the year 1920, and in that year a bonded indebtedness of $600,000 was authorized by the electors in the district, and that in the month of August, 1921, prior to the date of the final order incorporating the appellants' lands within the district and the allotment of water to the lands of the respective owners, the electors of the district as originally organized voted an additional bond issue of $125,000. These two amounts constitute the total bonded indebtedness of the district. While it is true that the bonds authorized by the election in August, 1921, were not sold until after appellants' lands were included within the

district, nevertheless the obligation was authorized before the allotment of any water to appellants' lands and was therefore an existing obligation against the district as originally organized. It likewise stands undisputed in the record that the Bonneville irrigation district has failed to deliver any water to appellants' lands. Further, there is nothing in the pleadings nor in the record anywhere to indicate that it is the present intention of the Bonneville irrigation district to extend its canal and supply water to that part of the appellants' lands which might be irrigated from such canal extension. Nor is there anything in the record to indicate that the district is able to extend its canal or to in any way deliver water to appellants' premises. It is a part of the prayer of the petition of the landowners asking for the inclusion of appellants' lands within the Bonneville irrigation district that—

"Such lands be allotted such water, in separate ownerships of 40-acre tracts, or less, as the board of directors of said district may deem necessary to beneficially and economically irrigate said lands, and that water for the irrigation thereof be supplied to said lands out of the system to be constructed and operated by the Bonneville irrigation district."

In the final resolution of the directors of the Bonneville irrigation district including appellants' lands within the district, it is—

"ordered, resolved, and directed that 234.83 acre feet of water be allotted to the lands described in said petition out of the waters heretofore appropriated by said district from the natural stream known as Jordan river, and that said water be conveyed to said land through the irrigation system of the Bonneville irrigation district."

It is thus apparent that the very consideration for praying that the lands of the addition be included within the district was the water to be furnished to the respective landowners from the system of the Bonneville irrigation district, and it is likewise apparent from the part of the resolution quoted that the Bonneville irrigation district undertook, in consideration of the addition being brought within the boundaries of

the district, to furnish water to the respective landowners in the addition. That part of the agreement the Bonneville irrigation district has wholly failed to perform. To uphold the taxes against appellants' lands complained of in this proceeding would result in taking property without any consideration or benefit received whatsoever. A mere statement of this proposition convinces that it is repugnant to every equitable consideration and falls little short of confiscation. As we understand the authorities, taxes under facts such as here appear have never been upheld.

In the course of the opinion in *Norwood* v. *Baker*, 172 U. S. at page 279, 19 S. Ct. 191, 43 L. Ed. 443, it is said:

"In our judgment, the exaction from the owner of private property of the cost of a public improvement in substantial excess of the special benefits accruing to him is, to the extent of such excess, a taking, under the guise of taxation, of private property for public use without compensation."

The third headnote to *City of Owensboro* v. *Sweeney*, 129 Ky. 607, 111 S. W. 364, 18 L. R. A. (N. S.) 181, 130 Am. St. Rep. 477, is as follows:

"Special taxes cannot be levied by a municipality unless the property charged receives a corresponding physical, material, and substantial benefit therefrom."

The headnote to *McConville* v. *City of St. Paul*, 75 Minn. 383, 77 N. W. 993, 43 L. R. A. 584, 74 Am. St. Rep. 508, is:

"In 1891 the city of St. Paul instituted proceedings for opening, widening, and extending East Third street therein, and made assessments on abutting property for such purpose. The improvement was partly made, and plaintiff, who owned several abutting lots, was assessed $1,233.50 thereon, and compelled by judicial proceedings to pay the same to said city. His lots were not benefited by said grading, and the contemplated work and improvements of said street were abandoned by the city in June, 1893. This action was commenced in January, 1898. *Held*, that the finding of the trial court that the work on said street, and the projected improvement thereon, were never completed, and were wholly abandoned by the city, was justified by the evidence, and that plaintiff is entitled to recover from said city the amount so paid by him, as upon a failure of consideration."

The first headnote to *State* v. *Elizabeth,* 40 N. J. Law, 274, is:

"Land which can be drained into a trunk sewer only after connecting laterals are built cannot be assessed for the cost of the trunk until such laterals are constructed."

The headnote to *Kansas City* v. *St. L. & S. F. R. Co.,* 230 Mo. 369, 130 S. W. 273, 28 L. R. A. (N. S.) 669, is:

"A city will not be permitted to assess benefits for a public improvement, where the improvement in immediate contemplation is but a part of a larger plan not yet adopted, and which, unless the entire plan is carried out, will result in damage, rather than benefit; and the mere fact that an ordinance has been passed covering the rest of the improvement will not support the assessment where the ordinance has not been acted upon and the evidence shows that the city is at present unable to carry it into execution."

See, also, *Doughten* v. *City of Camden,* 72 N. J. Law, 451, 63 A. 170, 3 L. R. A. (N. S.) 817, 111 Am. St. Rep. 680, 5 Ann. Cas. 902; *Martin* v. *Dist. of Columbia,* 205 U. S. 135, 27 S. Ct. 440, 51 L. Ed. 743.

Th final order by resolution of the board of directors of the Bonneville irrigation district incorporating appellants' lands within the boundaries of the district was made August 30, 1921. Nothing has been done since that date toward extending its water system to convey water to the lands of appellants. No suggestion is anywhere found in the record that the district contemplates at any time to so extend its irrigation system that water can be conveyed to those lands. On the contrary, it is apparent from the record that the financial condition of the district is such that there is no reasonable probability that at any time will the district extend its water system so that it can convey water to appellants' lands. There is therefore no good reason why the Bonneville irrigation district or its officers should longer retain jurisdiction or control over

the lands included in the addition incorporated in the district by the resolution of August 30th. Every reason exists why the lands included in the addition should be relieved from the control or jurisdiction of the officers of the Bonneville irrigation district so that the owners may look elsewhere for water with which to irrigate their lands.

The order, therefore, will be that the judgment of the lower court is reversed, except as to the relief granted the plaintiff E. A. Tripp. The trial court is further directed to recast its conclusions of law and enter judgment declaring the taxes levied against appellants' lands by the Bonneville irrigation district to be null and void, and that appellants' lands be relieved from any lien created by reason of the taxes levied or sales made thereunder. The trial court is further directed to enter its judgment restraining the Bonneville irrigation district and its officers from retaining or attempting to exercise any jurisdiction or control over the lands of appellants. Appellants to recover costs.

THURMAN, C. J., and CHERRY, STRAUP, and HANSEN, JJ., concur.