Argued December 1, 1938; reversed January 4, 1939

# SMITH ET AL. *v.* ENTERPRISE IRRIGATION DISTRICT

(85 P. (2d) 1021)

*William Ganong,* of Klamath Falls, for appellants.
*A. W. Schaupp,* of Klamath Falls, for respondents.

KELLY, J.  By this suit, plaintiffs seek to enjoin defendant, Enterprise Irrigation District, from assessing or levying any further taxes or charges against the real property of plaintiffs situate within said irrigation district, which real property consists of 151 acres described as all of tracts 1 to 26 inclusive of Fair Acres No. 2; said real property being also known as east half of southeast quarter of section 27; west half of southwest quarter of section 26; and northwest quarter of northwest quarter of northeast quarter of section 34, all in township 38 S. R. 9 E. W. M. in Klamath county, Oregon.

Plaintiffs also seek the cancellation of unpaid irrigation district charges and taxes against said lands, a mandatory injunction requiring defendant to pay and defray charges and liens becoming due against said lands by reason of a contract between said defendant and the United States under the terms of the act of Congress known as the Reclamation Act and acts amendatory and supplementary thereto, and in particular the act of Congress known as the Warren Act; and also requiring defendant to pay and defray charges and liens becoming due against said lands by reason of the bonded indebtedness of said defendant district.

Plaintiffs also seek to recover damages from defendant district in the sum of $33,975, and their costs and disbursements herein.

From an order sustaining a demurrer to plaintiffs' amended complaint and dismissing the same, plaintiffs have appealed.

In addition to the averments in said amended complaint of defendant's corporate entity, plaintiffs' ownership and the situs of said real property, it is alleged therein

"* * * that the defendant Enterprise Irrigation District has and is possessed of a water right and sufficient water with which said lands may be irrigated.

## IV

That at all of the times and dates herein mentioned said defendant Enterprise Irrigation District has assessed said lands for the purpose of levying irrigation district taxes against same and has assessed and levied irrigation district taxes against said lands during all of said time for the purpose of constructing and operating works and ditches and installing and maintaining pumps for the purpose of conveying water to said lands for the irrigation thereof, and that between November 23, 1922, and January 15, 1932, plaintiffs have paid irrigation district taxes so levied in the total sum of $9,356.72 for that purpose, all of which sum has been received by said defendant for the use and benefit of said lands.

## V

That said defendant Enterprise Irrigation District has made, executed and delivered bonds of said district in an amount unknown to these plaintiffs, which said bonds are obligations of said district and that the lands within said district, including the lands of these plaintiffs herein described, are obligated to the payment of said bonds; that said bonds are held by persons, firms corporations unknown to these plaintiffs.

## VI

That said defendant Enterprise Irrigation District has made and entered into a contract with the United States under the terms of that certain Act of Congress

known as the Reclamation Act and acts amendatory and supplementary thereto, and in particular that certain act of congress known as the Warren Act for a water right for all of the lands within said district, and that all of the lands within said district, including the lands above described of these plaintiffs, are subject to the lien of said contract and are required to pay for said water right, all in a sum not known to these plaintiffs; that the Secretary of the Interior of the United States will not consent that said lands be excluded from said district.

## VII

That said defendant Enterprise Irrigation District has never or at all furnished water for the irrigation of plaintiff's lands above described, although demand for the same has often been made to defendant District therefor; that said defendant Enterprise Irrigation District has at all of the times and dates herein mentioned been and now is unable to furnish any water for the irrigation of said lands for the reasons following, to-wit:

(a) That in order that water may be furnished to said lands the same must be pumped by said District from the Main Canal of the United States Reclamation Service at a point about one mile from said lands which said water must then be conducted through canals to said lands;

(b) That the pumps installed by said defendant District for the purpose of so pumping said water are insufficient and inadequate and of too small size to pump sufficient water for the irrigation of said lands and other lands lying within said district near those of the plaintiffs;

(c) That the ditches installed by said defendant District for the purpose of conveying said water so pumped to the lands of these plaintiffs have not sufficient gradient so that water will flow through the same to the lands of these plaintiffs, but on the contrary said ditches are so constructed that they slope away from the lands of these plaintiffs instead of toward

said lands, so that the water therein will not flow to the lands of these plaintiffs.

(d) That said ditches so installed by defendant district are constructed through porous soil and the water seeps and percolates from said ditches before it can reach the lands of these plaintiffs;

(e) That the defendant District has permitted the waters in said ditches to wash out the banks of said ditches so that the banks will not hold and conduct said water to the lands of these plaintiffs.

## IX

That plaintiffs have frequently complained to said defendant district and demanded that said defendant district furnish necessary water for the irrigation of the lands of these plaintiffs; that for many years and until the year 1935 said defendant district promised these plaintiffs that it would provide water for the irrigation of their said lands and that these plaintiffs continued until the year 1932 to pay all water charges and assessment and irrigation district taxes so levied and charged by said defendant district on its promise that it would so provide said water for the lands of these plaintiffs; that in the year 1935 said defendant district acknowledged to these plaintiffs that it could not provide water for the irrigation of their lands and informed these plaintiffs that to install suitable pumps and ditches to conduct water to the lands of these plaintiffs and to maintain the same the cost would be prohibitive and more than the value thereof and stated that it would not provide water for said lands and stated that it would cancel water charges and assessments levied against said lands and that it would not in future assess or tax the same for irrigation purposes.

## X

That although said defendant Irrigation District did so agree that it would cause to be cancelled said taxes and would not further assess said lands, it has failed and neglected so to do and has continued to assess and tax said lands for irrigation purposes.

## XI

That these plaintiffs platted their said lands into the tracts hereinbefore described upon the promise of said defendant district that it would provide water therefor; that said lands in their natural state and without water for irrigation purposes are worth not to exceed $25 per acre; that said lands with the water for irrigation purposes which it has been and is the duty of said defendant district to furnish them would have reasonable market value of not less than $250 per acre.

## XII

That plaintiffs have no plain, speedy, adequate or any remedy at law.''

In support of its demurrer, defendant argues:

(1) That it appears from the amended complaint that a portion of the assessments herein was legally levied and that plaintiffs cannot maintain this suit because they have neither paid nor tendered payment thereof.

(2) That plaintiffs cannot maintain this suit because they did not appeal to the board of equalization of defendant irrigation company for the relief demanded.

(3) That equity does not have jurisdiction to try an action for damages.

(4) That furnishing water to its constituent landowners by an irrigation district is a governmental as distinguished from a proprietary duty; and for a failure to perform it, the irrigation district is not amenable to suit or action.

(5) That the measure of damages invoked by plaintiffs' amended complaint is not applicable to the facts therein alleged.

■ The relationship between an irrigation district and its constituent landowners as to the water rights

and other property of such district is that of trustee and cestuis que trustent.

As stated in a California case:

"The ultimate purpose of a district organized under the irrigation act is the improvement by irrigation, of the lands within the district. It can, under the law, be organized and exist and acquire property only for such purpose. This we think is so clearly apparent as not to require further discussion here. Such a district holds all property acquired by it solely in trust for such ultimate purpose, and can divert it to no other use." *Jenison v. Redfield,* 149 Cal. 500, 87 P. 62, 64.

The section of the California statute cited in support of the above quoted statement is merely a legislative declaration of the obvious effect of the irrigation act. In that regard, the context of the Oregon irrigation act is susceptible of no other construction although it contains no such express provision.

■ The justification and authority for the levying of assessments, or taxes in the nature of assessments, by an irrigation district is derived from the benefits which the expenditures of the tax or assessment confers on the owners of land within the district and a tax or assessment without supporting benefit cannot be sustained: 67 C. J., Subject: Waters, pp. 1341-2, § 932; Vol. 2, Page, Taxation by Assessment, pp. 1244-5, § 718, note 6; *Whitcher v. Bonneville Irrigation District,* 69 Utah 510, 256 P. 785.

In its fourth ground for support of the demurrer defendant suggests that an irrigation district acts in a governmental as distinguished from a proprietary capacity; and, to this point defendant cites the California case of *Nissen v. Cordua Irr. Dist.,* 204 Cal. 542, 269 P. 171, supporting that view.

■ The rule in Oregon is that in constructing, operating and maintaining its irrigation system, an irrigation district acts in a proprietary capacity.

Speaking through the late Mr. Justice McCourt, this court has said:

"Defendant irrigation district is declared by the statute to be a municipal corporation; it is endowed by the statute with the governmental powers of taxation and eminent domain, *as well as with the proprietary power of constructing, operating and maintaining an irrigation system for the advantage and convenience of its constituents.*" (Italics supplied.) *Twohy Bros. Co. v. Ochoco Irrigation District,* 108 Or. 1, 53, 210 P. 873, 216 P. 189.

This case renders untenable the fourth ground suggested in support of said demurrer.

■ Taking the view, that in order to support the validity of an assessment levied by an irrigation district, there must be a benefit to the landowner accruing by reason thereof, the question presents itself as to what constitutes such benefit. Ordinarily, in order to show a benefit, it must appear that the land sought to be assessed is irrigable in character; that there is in existence or in reasonable contemplation an irrigation system capable of delivering water thereto, and that there has been an allotment of water rights to the land in question: 67 C. J., Subject, Waters, p. 1343, § 933.

The amended complaint discloses that defendant, as trustee of plaintiffs and other landowners, while acting in a proprietary capacity, has failed to administer its trust so that plaintiffs have been, are, or can be benefited by reason of the assessments in suit. By reason of said irrigation district's failure to furnish any water to plaintiffs' land, as between the district and plaintiffs, such assessments became invalid. Upon these invalid assessments, defendant has collected from plain-

tiffs the sum of $9,356.72. The amended complaint alleges that until 1935 defendant repeatedly promised to supply water to irrigate plaintiffs' land. It does not appear how much of the bonded liability, or the liability because of the district's contract with the United States, has been or should be allocated to plaintiffs' lands; but we are unwilling to assume that the invalid portion of the assessments by plaintiffs in the aggregate sum just mentioned is insufficient to cover the portion of plaintiffs' unpaid assessments which must be applied upon said bonds and said contract with the United States.

██ The principle upon which a party is required to pay or tender payment of the valid portion of an assessment in order to maintain a suit to cancel the invalid portion thereof, is based upon the maxim that one who seeks equity must do equity. In view of the fiduciary relationship existing between plaintiffs and defendant, in view of the promises and representations made by defendant that it would perform the duty of its trust and furnish water to irrigate plaintiffs' lands, and because plaintiffs have paid the said sum of $9,356.72 to defendant for which plaintiffs have received nothing, we think that plaintiffs have complied with the spirit of the equitable maxim above stated even though they have neither paid nor tendered payment of the portion of the assessments sought to be canceled herein, which must be applied upon said bonds and said government contract. This, we think renders untenable the first of the above grounds urged in support of defendant's demurrer.

█ As to the relief sought herein, plaintiffs could not obtain it by an appeal to the board of equalization of defendant district. Plaintiffs' land might be excluded from the irrigation district, but the statute does not

include cancellation of existing assessment in the procedure prescribed upon appeal by a landowner to such board of equalization and no provision is made for the payment of damages pursuant to such an appeal.

The statute merely provides that "the board shall change its assessment and the apportionment thereof and the list and the record of the same in any respect and in such manner as may be necessary to make the same just.": Oregon Laws, 1937, Ch. 132, § 5, at p. 175.

For this reason we find the second ground untenable.

■■ As stated, defendant suggests that equity does not have jurisdiction to try an action for damages. When, however, damages are incidental to an equitable cause of suit, the court of equity in its discretion may include an award of damages in its decree affording equitable relief. We think plaintiffs' amended complaint states a cause of suit in equity and, hence, the third ground advanced by defendant is untenable.

■ We concur with defendant as to the measure of damages herein. It should be the difference between the value of the use of plaintiffs' property without irrigation thereon and the value of such use if it had been irrigated, to be computed under the restriction that equity will not consider stale claims and for the period ending at the date of the earliest assessment, if any, canceled by the decree herein.

For these reasons the order of the circuit court sustaining defendant's demurrer to plaintiffs' amended complaint and dismissing the same is reversed and the cause is remanded for such further proceedings as may be proper and not inconsistent herewith.

It is further ordered that the award of costs and disbursements abide the final disposition of the cause.

BEAN, BELT and ROSSMAN, JJ., concur.