[Sac. No. 659.  In Bank.—February 4, 1901.]

## DAVID ADAMS and ELLA ADAMS, Respondents, v. CITY OF MODESTO, Appellant.

NUISANCE—USE OF OPEN SEWER BY CITY.—The use of an open sewer by a city in the vicinity of the land of the plaintiffs, upon which they reside with their family, constitutes a nuisance, which the plaintiffs are entitled to have abated.

ID.—DAMAGES—PRESENTATION TO BOARD OF TRUSTEES NOT REQUIRED.— The damages caused by a nuisance maintained by the city are not required to be presented to the board of trustees; and are not included in a provision requiring "demands" against the city to be "presented and audited by the board of trustees," which refers to demands arising upon contract for a determinate sum, and not to those arising from torts.

ID.—INSUFFICIENT EVIDENCE AS TO DAMAGES.—Although the plaintiffs were damaged by the nuisance, yet where they failed to show that they were damaged in the amount found, or in any other ascertainable amount, a new trial must be granted, unless the plaintiffs prefer to release the judgment for damages.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order denying a new trial.  William O. Minor, Judge.

The facts are stated in the opinion of the court.

P. J. Hazen, for Appellant.

Needham & Dennett, for Respondents.

THE COURT.—Appeal from a judgment in favor of the plaintiff for the abatement of a nuisance and for damages, and from an order denying a new trial. The plaintiffs are owners of a tract of land in the city of Modesto, on which, until a short time before the commencement of the suit, they resided with their family. The nuisance complained of is an open wooden trough, passing about three hundred yards from the plaintiff's house, and constituting part of the sewerage system of the city, through which, for a distance of about four hundred and fifty yards, the sewerage matter of the city is passed. This the court found was a nuisance, interfering with the comfortable enjoyment and obstructing the free use of the plaintiff's property, and that the plaintiffs were damaged thereby in the sum of six hundred and fifty dollars.

That the use of the open sewer by the city in the vicinity of the plaintiff's land constituted a nuisance, and that the plaintiffs were entitled to have it abated, is too clear to require discussion. (Civ. Code, sec. 3479; *Peterson v. City of Santa Rosa,* 119 Cal. 387, 392; *Lind v. City of San Luis Obispo,* 109 Cal. 340; Wood on Nuisances, sec. 781, note 1.)

With regard to damages it is objected that the demand was not presented to the board of trustees as required by the provisions of section 864 of the municipal corporation act (Stats. 1883, p. 266 et seq.), applying to cities of the sixth class, of which the city of Modesto is one; which provides that "all demands against such city or town shall be presented and audited by the board of trustees," etc. But we do not think this provision was intended to apply to cases of this kind. The term "demands" is indeed sufficiently broad to include all claims, whether arising from contract or tort; but when used in this connection the term does not usually include demands of the latter class. (15 Am. & Eng. Ency. of Law, 1194.) That the term is here used in the narrower sense as referring only to demands arising from contract and for determinate amounts is shown by the purpose for which they are required to be presented, which is that they may be "audited"—a term that is

not applicable to demands arising from torts. (Law Diction-
aries of Anderson, Abbott, Black, Wharton, etc.; Century Dic-
tionary.)

We do not think, however, that the finding as to damages is
sustained by the evidence. In the complaint it is alleged not
only that the sewerage matter of the city was conducted through
the trough, but that it was habitually discharged upon and
spread over the land toward the land of the plaintiffs; and the
damages claimed were alleged to proceed jointly from both
causes—that is, not only from the use of the sewer, but from
"running the sewage on the ground"; and the testimony of the
plaintiff, David Adams, is to the same effect. But the finding
of the court refers only to the running of the sewage through
the trough, and nothing is said about the discharge of the
sewage on the ground, and there is nothing in the testimony to
determine how much proceeded from the latter and how much
from the former cause. The testimony of the plaintiff is also
otherwise indefinite. He speaks of sickness in his family
caused by the nuisance, which "entailed doctor bills and medi-
cine bills," but no amounts are given. He says also he "lost
the use of the place for two years," and that he could have
rented it for two hundred and fifty dollars a year if it hadn't
been for the sewer. But the place contained about twenty
acres of land and its use—except as a dwelling place—could
not have been lost by reason of the nuisance complained of,
and, indeed, the witness expressly says he "lost the use of it
because [he] didn't care to improve it." The plaintiffs were
undoubtedly damaged, but the evidence fails to show they were
damaged in the amount found or in any other ascertainable
amount. A new trial must, therefore, be granted, unless the
plaintiffs prefer to release the damages.

The order denying the defendant's motion for a new trial is,
therefore, reversed, unless the plaintiffs, within thirty days
after notice of the filing of the *remittitur*, file their stipulation
in writing agreeing that the judgment be modified by striking
therefrom the part thereof that relates to damages. Upon the
filing of such stipulation the judgment shall be modified ac-
cordingly, and as thus modified shall stand as affirmed.

Rehearing denied.