[Sac. No. 3912. In Bank.—July 17, 1928.]

G. A. NISSEN, Appellant, v. CORDUA IRRIGATION DISTRICT, Respondent.

Frank A. Duryea for Appellant.

W. H. Carlin for Respondent.

SHENK, J.—This is an appeal from a judgment of dismissal following the sustaining of a demurrer to the complaint without leave to amend. The complaint is one for damages for loss of a crop of rice resulting from the defendant's alleged refusal to deliver irrigation water to the rice lands of the plaintiff. Briefly and in substance it is alleged that the defendant is organized and existing under the California Irrigation District Act (Stats. 1897, p. 254, and acts supplementary to and amendatory thereof); that the district had acquired a large volume of water for the irrigation of the lands within the district; that during the rice-growing season of 1925 the district had and controlled water, as well as the necessary canals, ditches, flumes, etc., more than sufficient to irrigate properly all of the land within the district including the 260 acres of land held under lease by the plaintiff, of which approximately 250 acres had been planted to rice and of which planting defendant had notice; that the plaintiff made repeated demands upon the defendant for an apportionment to his land within the district of an amount of water necessary and sufficient to irrigate the 1925 rice crop thereon; that defendant failed, refused, and neglected to deliver such water except a limited and insufficient amount thereof, but that on the contrary defendant diverted large quantities of irrigation water from the district to lands without the district, by reason whereof 140 acres of plaintiff's rice crop was totally lost, to his damage in the sum of $25,000. A general and special demurrer was interposed to this complaint. The trial court held the special demurrer to be good and would have permitted an amendment to cure the defects in the complaint. But the court also held that as the defendant was not liable in such an action in any event

the general demurrer must be sustained without leave to amend, on the authority of *Whiteman* v. *Anderson Cottonwood Irr. Dist.*, 60 Cal. App. 234 [212 Pac. 706].  ▮ The question is therefore directly presented as to whether the district itself may be held liable for damages for the refusal of its officers and agents to furnish to a land owner in the district his proportion of the available water, having the admitted ability to furnish the same.

In the Whiteman case an action was brought against an irrigation district organized under the same act and the directors thereof for damages for the death of the minor son of the plaintiff, alleged to have been caused by the negligence of the defendants. A general and special demurrer to the complaint was sustained. The plaintiff declined to amend and judgment was entered dismissing the action. The complaint alleged that the defendants negligently left and permitted to remain at night on a highway within the district certain sacks of cement and other material which obstructed the highway and that no light or other signal or warning or any protection against danger was provided. The district court of appeal entered upon an extended consideration of the nature and character of an irrigation district organized under such act, referring to *In re Madera Irr. Dist.*, 92 Cal. 296 [27 Am. St. Rep. 106, 14 L. R. A. 755, 28 Pac. 272, 675], where it was held that such a district is a "public corporation for governmental purposes"; to *Jenison* v. *Redfield*, 149 Cal. 500 [87 Pac. 62], where the district was called a "public corporation"; to *Lindsay-Strathmore Irr. Dist.* v. *Superior Court*, 182 Cal. 315 [187 Pac. 1056], where it was denominated a "public agency": to *Turlock Irr. Dist.* v. *White*, 186 Cal. 183 [17 A. L. R. 72, 198 Pac. 1060], where it was called a "public corporation for municipal purposes," citing *Fallbrook Irr. Dist.* v. *Bradley*, 164 U. S. 112 [41 L. Ed. 369, 17 Sup. Ct. Rep. 56, see, also, Rose's U. S. Notes] ; to *People ex rel.* v. *Reclamation Dist. No. 551*, 117 Cal. 114 [48 Pac. 1016], where a reclamation district was stated to be a "state organization for state purposes." The court then concluded that a district organized under the California Irrigation District Act must be deemed a public agency created for a public purpose and as such is not subject to an action for damages resulting from the negligence of its officers or agents in the absence

of a statute expressly imposing such liability and that the language of the act authorizing the board "to sue, appear and defend" in all courts, actions, suits, or proceedings (sec. 15b, Stats. 1917, p. 758) did not enlarge the liability of the defendant and applied only to such actions as a public corporation might be subject to in carrying out its purposes. The court also decided, pursuant to familiar principles applying to municipal corporations, that as there was no allegation in the complaint that the district was promoting a proprietary right in the use of the cement, nor any allegation of personal participation, etc., by the directors or of negligence in the selection by them of employees, the complaint did not state a cause of action either against the district or the directors.

While the facts which gave rise to the present action are different from those in the Whiteman case, we think the application of the law should be the same in both. In the Whiteman case the plaintiff alleged affirmative acts of negligence. In the present case the complaint is based upon the negligent or wilful omission to perform a duty imposed by statute. In each the case is grounded in tort and the district itself is no more bound in the one case than in the other. It may be that a sound public policy should demand that the district itself be bound in a case of this kind, but until the state has directed or permitted its agency to be so bound we do not feel justified under established law in holding it liable.

With reference to similar public agencies the legislature has declared that the district itself be liable. For instance, section 3464 of the Political Code provides: "The negligence of a trustee or trustees of a reclamation district shall be imputed to the district to the same extent as if the reclamation district were a private corporation and the reclamation district shall have power and authority to levy assessments for the purpose of paying any damage so incurred, said damages to be deemed incidental expenses of the district." We find no similar law of this state, either in substance or effect, applicable to an irrigation district. Reclamation districts and irrigation districts are public agencies of the same general character and organized to accomplish similar objects. Each is aimed to aid in the productivity of land, the one to drain surplus water there-

from and the other to supply water thereto. (*Lindsay-Strathmore Irr. Dist.* v. *Superior Court,* 182 Cal. 315 [187 Pac. 1056].) The Whiteman case was decided in 1922 and in the intervening years the legislature has not seen fit to subject an irrigation district to liability for damages on account of the torts of its officers. Until the legislature has directed otherwise, it must be held that the district itself is not liable.

The judgment is affirmed.

Preston, J., Curtis, J., Richards, J., and Seawell, J., concurred.

Rehearing denied.

All the Justices present concurred.