[S. F. No. 15209.   In Bank.—April 19, 1938.]

KARL HASSELL, Respondent, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation) et al., Appellants.

John J. O'Toole, City Attorney, and Thomas P. Slevin, Deputy City Attorney, for Appellants.

Reisner & Deming for Respondent.

EDMONDS, J.—The City and County of San Francisco has been enjoined from constructing above the surface of the ground a public convenience station in Marina Park. The trial court, in effect, found that if the building were constructed in the manner proposed it would be a nuisance. This finding is challenged by the city, which contends that it is not supported by the evidence.

Marina Park is a strip of land about a block wide and five blocks long. It is bordered on the north by San Francisco Bay and on the south by Marina Boulevard, a public street.

The respondent owns residential property of substantial value located on Marina Boulevard and almost directly opposite the site of the proposed building. The area has been zoned as a first-class residential district.

As planned by the city park commission of San Francisco the building would be 70 feet long, 18 feet wide, and would stand about 12 feet above the surface of the ground. Its position in the park would be wholly within the prolonged lines of Fillmore Street, which extends southerly from Marina Boulevard. The site chosen is approximately one hundred and twenty yards from the respondent's property.

■ In determining whether a present or proposed use of property is a nuisance, many factors must be considered. "The law relating to private nuisances is one of degree. A use that would be reasonable under one set of facts might be unreasonable under another." (McIntosh v. Brimmer, 68 Cal. App. 770, 777 [230 Pac. 203]. See note to Motoramp Garage Co. v. Tacoma, 42 A. L. R. 891.) ■ Although the extent to which the proposed building would be "indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property" (sec. 3479, Civ. Code), cannot be definitely measured, a number of witnesses testified that the structure would substantially depreciate the value and desirability not only of plaintiff's property, but also of all the property similarly situated along Marina Boulevard. As the only building along a narrow strip of parkway it would draw unusual attention, no matter how artistic its design and construction might be. It was further shown that unsanitary conditions usually prevail in such buildings, resulting in disagreeable odors which would sometimes blow across the park toward the respondent's home. This evidence, considered as a whole, sufficiently shows that a building erected at the place and in the manner proposed would be a nuisance, and supports the finding of the trial court. Therefore, unless the appellant can show that in appraising the consequences which would result from the maintenance of the convenience station as it is now planned, the rights of the city have not been adequately considered and protected, the judgment should be affirmed. (Vowinckel v. N. Clark & Sons, 216 Cal. 156 [13 Pac. (2d) 733]; McIntosh v. Brimmer, supra.)

In this connection it should be noted that the city has not been enjoined from building a convenience station underground at the same location. Conceding, therefore, that one is needed at the location selected, it appears that the only question at issue is whether the city may build it according to present plans or must place the new facilities underground. The evidence shows that the additional cost of underground construction is not prohibitive and that this method has been adopted by the city in other parks. The judgment, therefore, gives the property owner the relief to which he is entitled, and allows the city to install its facilities under conditions consistent with the character and use of the surrounding property.

The charter of San Francisco grants to the park commission the exclusive control and management of parks, including the exclusive right "to erect and to superintend the erection of buildings". (Sec. 41.) Appellant argues that the authority thus given is not subject to judicial interference or revision. However, it may not be exercised in such manner as to create a nuisance. (*Lind* v. *City of San Luis Obispo,* 109 Cal. 340 [42 Pac. 437]; *Peterson* v. *City of Santa Rosa,* 119 Cal. 387 [51 Pac. 557]; *Adams* v. *City of Modesto,* 131 Cal. 501 [63 Pac. 1083]; *Humphrey* v. *Dunnells,* 21 Cal. App. 312 [131 Pac. 761].)

Appellant also relies on section 3482 of the Civil Code, which provides: "Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance." However, the authority for the construction of the new building is not express. (*People* v. *Glenn-Colusa Irr. Dist..* 127 Cal. App. 30, 36 [15 Pac. (2d) 549]; *People* v. *City of Reedley,* 66 Cal. App. 409, 413 [226 Pac. 408].) "A statutory sanction cannot be pleaded in justification of acts which by the general rules of law constitute a nuisance, unless the acts complained of are authorized by the express terms of the statute under which the justification is made, or by the plainest and most necessary implication from the powers expressly conferred, so that it can be fairly stated that the legislature contemplated the doing of the very act which occasions the injury." (46 Cor. Jur., p. 674.)

The judgment is affirmed.

Curtis, J., Shenk, J., Waste, C. J., Houser, J., Langdon, J., and Seawell, J., concurred.