[Civ. No. 19811. Second Dist., Div. Three. Feb. 11, 1954.]

RICHARD FRED WATERMAN, Appellant, v. LOS ANGELES COUNTY GENERAL HOSPITAL et al., Defendants; COUNTY OF LOS ANGELES, Respondent.

Elbert E. Hensley and Allan M. Carson for Appellant.

Harold W. Kennedy, County Counsel, and Lloyd S. Davis, Deputy County Counsel, for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment of dismissal entered on an order sustaining the demurrer of defendant County of Los Angeles to the complaint without leave to amend in an action for damages for malpractice.

The complaint alleges: the corporate capacity of the county of Los Angeles; it operates the Los Angeles County Hospital, referred to as "the hospital"; about November 4, 1951, plaintiff, by accident, sustained an injury to his right leg by which the lower third of the tibia and fibula were fractured; immediately after the accident, he entered and was received into the hospital for care and treatment of his leg; he engaged a

room, agreed with the agents of defendant county to pay for it and for care and treatment, and defendant county, by its agents, pursuant to the agreement, received him as a patient in the hospital; he remained in the hospital until November 23, 1951; as a proximate result of the negligence of defendant's employees, he was caused great pain and suffering, the fractures were not set properly, in removing a cast the leg was broken again, infection set in,—all to his damage; within one year of the injury he filed a verified claim with the board of supervisors, which was denied.

The demurrer was sustained on the ground the complaint does not state facts sufficient to constitute a cause of action. The question is whether a county which operates a general hospital and imposes a charge for care and treatment is immune from liability in tort for the negligence of its agents.

The law is firmly established in this state that a county, in operating a general hospital, does so in a governmental capacity; that the imposition of a charge for service by such a hospital is not inconsistent with the exercise of a governmental function; and that a county is not liable for the negligence of its employees toward patients therein. The Supreme Court has decided the point too recently to make discussion profitable. (*Talley* v. *Northern San Diego County Hosp. Dist.*, 41 Cal.2d 33 [257 P.2d 22]. See also *Davie* v. *University of Calif.*, 66 Cal.App. 693, 700 [227 P. 243].)

The briefs are largely given to arguments pro and con on the desirability of abolishing or modifying the doctrine of the immunity of the sovereign for the torts of its officers and employees.[1] Whether the doctrine should be abolished or modified is a question for the Legislation. (*Talley* v. *Northern San Diego County Hosp. Dist., supra,* 41.)

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

---

[1] The old maxim that the King can do no wrong—immunity of the sovereign for the torts of its officers and employees when acting in a governmental capacity—an unjust relic of the dark ages, is rapidly passing into oblivion. (See ''Should California Accept Tort Liability?'' by Thomas H. Kuchel, State Controller of California, now United States Senator, XXV Cal. State Bar J. 146; 22 So.Cal.L.Rev. 78; 34 Yale L. Jour., 1-45, 129-143, 229-258; 35 Yale L.Jour. 150; 36 Yale L.Jour. 1; 56 Yale L.Jour., 534; 30 Harv.L.Rev. 20; 4 Ill.L.Quar. 28; 4 Wyo. L.Jour. 96; 11 Am.Bar Assn.Jour. 495; Federal Tort Claims Act of 1946, 28 U.S.C.A. §§ 2671-2680, 60 Stats. 843 as amended; *United States* v. *Yellow Cab Co.*, 340 U.S. 543 [71 S.Ct. 399, 95 L.Ed. 523, 530] particularly footnote 8.)