[Sac. No. 6826. In Bank. Mar. 21, 1958.]

GRACE MARIE VATER, Appellant, v. COUNTY OF GLENN et al., Defendants; GLENN-COLUSA IRRIGATION DISTRICT, Respondent.

816

P. M. Barceloux, Burton J. Goldstein and Goldstein, Barceloux & Goldstein for Appellant.

Duard F. Geis, Carroll F. Byrd, Geis & Byrd and Carroll F. Byrd, Jr., for Respondent.

GIBSON, C. J.—Plaintiff brought this action against Glenn County and the Glenn-Colusa Irrigation District for damages for the wrongful death of her husband and son. General and special demurrers by the district to the second amended complaint were sustained without leave to amend, and judgment was entered in its favor.[1] Plaintiff moved to set aside the judgment upon the grounds of mistake, inadvertence, surprise and excusable neglect. She filed a supporting affidavit of her attorney to the effect that on the hearing of the demurrer he had neglected to argue an available theory of liability. The motion was denied without prejudice to its renewal within 10 days, accompanied by a proposed amended complaint. Pursuant to this permission plaintiff renewed the motion and presented a proposed third amended complaint. This motion was also denied.

The principal question is whether plaintiff has alleged facts which constitute a cause of action.

The allegations of the second amended complaint may be summarized as follows: In 1910 certain persons, some of whom were agents of the district, constructed a private roadway over their land in extension of County Road R so as to make the private roadway appear to be part of the county road. About the same time the district or its predecessor in interest constructed a wooden bridge to connect two portions of the private roadway which were separated by the district's main canal. There was a 45-degree turn where the roadway met the bridge, but the turn was not indicated by any signs or warning devices, and there were no adequate barricades, railings or lights. The levees of the canal were above the roadway, and, because of the construction and height of the levees and the bridge, travelers could not observe the abrupt change of direction or see the bridge until they were upon it. As a result, travelers were likely to drive off the bridge into the canal, and the roadway and bridge thus constituted a dangerous and defective condition and an ''absolute nuisance per se.'' The district permitted this condition to exist on

---

[1] The county of Glenn apparently filed an answer to plaintiff's second amended complaint.

its premises without taking any steps to protect the public or provide a reasonable warning. In 1917 the bridge was taken over by the county to be maintained by it as a county bridge. Although the county and its supervisors knew of the dangerous condition, they failed to remedy it or warn the public. Plaintiff's husband was led by the appearance of the private roadway to believe that it was a public highway. As a proximate result of the dangerous condition of the roadway and the bridge, he drove his car off the bridge into the canal, and he and his son were killed.

The proposed third amended complaint repeated in substance the allegations of the second amended complaint and further stated that there is a dispute between the several parties as to whether the county or the district or both are responsible for the maintenance of the bridge and that plaintiff does not know whether either or both are responsible. It was also alleged that plaintiff does not know whether the district constructed the bridge or acquired it, that the dangerous condition has existed for 40 years and that the district had notice of it.

The general rule is that, in the absence of a statutory or constitutional provision to the contrary, the state and its agencies are immune from liability for tort in the discharge of governmental duties and activities. (*Pianka* v. *State,* 46 Cal.2d 208, 210 [293 P.2d 458]; *Talley* v. *Northern San Diego County Hospital Dist.,* 41 Cal.2d 33, 36 [257 P.2d 22]; *Stang* v. *City of Mill Valley,* 38 Cal.2d 486, 488 [240 P.2d 980].) This rule has been applied to irrigation districts. (*Nissen* v. *Cordua Irr. Dist.,* 204 Cal. 542, 545 [269 P. 171]; *Jackson & Perkins Co.* v. *Byron-Bethany Irr. Dist.,* 136 Cal. App. 375, 380 et seq. [29 P.2d 217, 30 P.2d 516]; *Whiteman* v. *Anderson-Cottonwood Irr. Dist.,* 60 Cal.App. 234, 241-242 [212 P. 706]; see *Talley* v. *Northern San Diego County Hospital Dist.,* 41 Cal.2d 33, 40 [257 P.2d 22].)

Plaintiff does not claim that the district was acting in a proprietary capacity with respect to the bridge and roadway, and the only provisions upon which she relies as constituting a waiver of the district's immunity are sections 22725-22732 of the Water Code, which constitute the article entitled "Public Liability" in the division of the code relating to irrigation districts. (Wat. Code, div. 11, pt. 5, ch. 4, art. 4.) These sections are of no avail to plaintiff.

Section 22731 reads: "Nothing in the preceding portion of this article shall be construed as creating any liability except as provided in Section 22730 unless it would have

existed regardless of this article.''[2]  Section 22730 provides that, when an officer is held liable for acts done in his official capacity, the district shall pay the judgment without obligation for repayment by the officer.  In *Powers Farms, Inc.* v. *Consolidated Irr. Dist.*, 19 Cal.2d 123 [119 P.2d 717], we considered the substantially identical provisions of the irrigation district liability law (Stats. 1935, p. 2250), which was repealed when the Water Code was enacted, and said: "Section 3 [now section 22730] imposes a limited liability on the district by obligating it to pay certain judgments against its officers.  This, according to section 4 [now section 22731], is the only new liability created by the act."  (19 Cal.2d at p. 127.)  The Powers Farms case was an action for damage to land caused by the seepage of water from a canal of an irrigation district, and it was brought under the provision of article I, section 14, of the California Constitution which prohibits damage to property for public use without just compensation. We held that this provision gave the plaintiff a cause of action against the district, but that the part of section 2[3] of the irrigation district liability law which requires the filing of a claim in actions based upon the dangerous or defective condition of property of the district was applicable to the action, and that plaintiff's failure to file a claim prevented his recovery.  It is clear that we did not consider section 2 of the act as imposing liability upon the district for defective conditions because we expressly stated that the basis of liability was the constitutional provision (19 Cal.2d at p. 126) and that the act imposed no liability on the district other than the one to pay certain judgments against its officers (19 Cal.2d at p. 127, quoted above).

---

[2]Section 22732, the only section in the article which follows section 22731, permits the district to carry liability insurance but does not create any liability.  It is not alleged that the district carried insurance covering the liability claimed here, in which case it has sometimes been held that the injured person could maintain an action.  (*Taylor* v. *Knox County Board of Education*, 292 Ky. 767 [167 S.W.2d 700]; *Rogers* v. *Butler*, 170 Tenn. 125 [92 S.W.2d 414].)

[3]Now contained in section 22727 of the code which provides: "Whenever it is claimed that any person or property has been injured or damaged as a result of any dangerous or defective condition of any property under the control of any district or its officers or employees or the negligence of any officer or employee of a district, a verified claim for damages shall be presented in writing and filed with the officers or employees involved and also with the secretary within 90 days after the accident or injury has occurred.  If an officer or employee cannot be found to be served, the officer's or employee's copy may be served on the secretary, but in any event a verified claim must be served on the secretary."

There is no doubt that section 4 of the act and section 22731 of the code show a legislative intent not to abrogate the rule of governmental immunity for irrigation districts except with respect to the payment of such judgments. In the present case no judgment has been obtained or sought against any officer of the district, and, therefore, liability cannot be based upon the provisions of the Water Code.

Most of the authorities who have recently written on the subject strongly advocate abolition or modification of the principle of governmental immunity, which lets the loss caused by tortious conduct of the government rest on the injured individual instead of distributing it among all the members of the community, the beneficiaries of the governmental activity. (See, e. g., 2 Harper and James, The Law of Torts (1956), 1612; Prosser on Torts (2d ed. 1955), 775; Borchard, *State and Municipal Liability in Tort—Proposed Statutory Reform*, 20 A.B.A.J. 747 et seq.; Kuchel, *Should California Accept Tort Liability?* 25 Cal. State Bar J. 146, 151.) However, the abrogation or restriction of this doctrine is primarily a legislative matter (see *Talley* v. *Northern San Diego County Hospital Dist.*, 41 Cal.2d 33, 41 [257 P.2d 22]; *Waterman* v. *Los Angeles County General Hospital*, 123 Cal.App.2d 143, 144 [266 P.2d 221]), and, where, as here, the Legislature has clearly expressed its intention to maintain immunity, that intention is controlling.

Several cases have recognized an exception to the immunity doctrine where a governmental unit is maintaining a nuisance. (*Phillips* v. *City of Pasadena*, 27 Cal.2d 104, 106-107 [162 P.2d 625]; *Hassell* v. *City & County of San Francisco*, 11 Cal.2d 168, 170 [78 P.2d 1021]; *Adams* v. *City of Modesto*, 131 Cal. 501, 502-503 [63 P. 1083]; *Peterson* v. *City of Santa Rosa*, 119 Cal. 387 [51 P. 557]; *Lind* v. *City of San Luis Obispo*, 109 Cal. 340, 343 [42 P. 437]; *Bloom* v. *City & County of San Francisco*, 64 Cal. 503 [3 P. 129].) In considering whether the facts alleged are sufficient to constitute a nuisance, we must keep in mind that, in order to state a cause of action based upon this theory, the plaintiff must show that a legislative body has declared the condition complained of to be a nuisance. (*Palmquist* v. *Mercer*, 43 Cal.2d 92, 101 [272 P.2d 26]; *Ward* v. *Oakley Co.*, 125 Cal.App.2d 840, 850-851 [271 P.2d 536]; *Brooks* v. *City of Monterey*, 106 Cal.App. 649, 654 [290 P. 540]; cf. *People* v. *Lim*, 18 Cal.2d 872, 879 et seq. [118 P.2d 472]; *People* v. *Johnson*, 129 Cal.App.2d 1, 8-9 [277 P.2d 45].)

Plaintiff contends that this case comes within section 3479 of the Civil Code, which provides in part: "Anything which is injurious to health . . . or unlawfully obstructs the free passage or use, in the customary manner, of . . . any public . . . street, or highway, is a nuisance." The situation described by the complaint was not injurious to health within the meaning of this section. There is no specific allegation that the accident took place on a public highway, and, even if we were to assume that this deficiency is cured by the allegations that the bridge was a county bridge and that plaintiff's husband believed the road to be a public highway, the claimed defective condition did not unlawfully obstruct the free use of the road in the customary manner. Our attention has been called to no other statute which would support a conclusion that the facts alleged constitute a nuisance.

Plaintiff claims that the trial court failed to recognize the nuisance exception to the immunity doctrine and that she should be given another opportunity to amend her complaint. She has made no contention, however, that her allegations which describe the condition of the bridge and roadway are untrue or incomplete, and it does not appear that there is any reasonable possibility that the defect can be cured by amendment. Under the circumstances, there was no abuse of discretion in failing to grant further leave to amend. (*Cf. Lemoge Electric* v. *County of San Mateo,* 46 Cal.2d 659, 664 [297 P.2d 638].)

The order sustaining the demurrer to the second amended complaint is not appealable, and the attempted appeal therefrom is dismissed. The judgment and the order denying the motion to vacate the judgment are affirmed.

Shenk, J., Traynor, J., Schauer, J., Spence, J., and Mc-Comb, J., concurred.

CARTER, J.—I dissent.

Once again this court is faced with the question of the scope of governmental immunity and again the majority has seen fit to broaden the scope when an analysis of applicable statutes shows such action to be clearly unwarranted.

The majority in this case determines that the irrigation district (hereinafter the district) is immune from suit under the doctrine of governmental immunity on the grounds that there is no statutory basis for liability, and that the condition complained of was not a nuisance within the meaning of Civil

Code, section 3479. The majority's interpretation of section 3479, although perhaps unduly restrictive, is not without authority. However, the conclusion that there is no basis for the district's statutory liability is incorrect and the result of misinterpreting the Public Liability article of the Water Code (§§ 22725-22732) and in particular section 22727 and the case construing it. (See *Powers Farms, Inc.* v. *Consolidated Irr. Dist.*, 19 Cal.2d 123 [119 P.2d 717].)

Section 22727 of the Water Code provides that "Whenever it is claimed that any person or property has been injured or damaged as a result of any dangerous or defective condition of any property under the control of any district *or* its officers or employees or the negligence of any officer or employee of a district, a verified claim for damages shall be presented in writing and filed with the officers or employees involved and also with the secretary of the district within 90 days after the accident or injury has occurred. If an officer or employee cannot be found to be served, the officer's or employee's copy may be served on the secretary, but in any event a verified claim must be served on the secretary." (Emphasis added.) The progenitor of this section is found in Deering General Laws (Stats. 1935, p. 2250) and was entitled the Irrigation District Liability Law. With the exception of the words "and/or" which were inserted as follows: "Whenever . . . as a result of any . . . condition of any property under the control of any district or its officers or employees *and/or* the negligence of any officer . . ." the two sections are identical. To be more precise the Public Liability article has merely incorporated the sections of the Irrigation District Liability Law and given these sections different designations: sections 1 and 2 of the Liability Law became sections 22725, 22726, and 22732 of the Water Code, section 2 was further transposed into sections 22727 and 22729, and sections 3 and 4 became sections 22730 and 22731.

The Irrigation District Liability Law was construed in *Powers Farms, Inc.* v. *Consolidated Irr. Dist.*, 19 Cal.2d 123 [119 P.2d 717]. In that case plaintiff brought an action against an irrigation district for injuries sustained as a result of seepage from irrigation canals. The action was based upon article I, section 14, of the California Constitution requiring compensation to be paid for property damaged or taken for a public use. This court recognized the principle that failure to meet the 90 day filing procedural prerequisite of section 2 of the Liability Law (now Wat. Code, § 22727) was fatal to a

cause of action under the statute. The question before the court was whether plaintiff, who admittedly had not complied with the filing requirements, could maintain an action based upon the constitutional provision. This court held that he could not. The court reasoned that the act evinced a legislative intent to embrace all actions (see *Powers Farms, Inc.* v. *Consolidated Irr. Dist.*, *supra*, 129), including the one before it, and that failure to comply with the filing prerequisites defeated a cause of action against a district regardless of its basis.

In reaching its conclusion the court analyzed the sections of the Irrigation Liability Law at length, and nowhere was there any indication to forsake the principle that this law enabled injured parties to sue the district apart from its officers or employees. To the contrary the court took pains to point out that section 2 permitted claims for damages against a district on grounds of "(1) a dangerous or defective condition of property of the district and negligence of an officer or employee *or (2) a dangerous or defective condition of property of the district, that is, a general liability without reference to negligence,* or (3) the negligence of an officer or employee." (Emphasis added.) (*Powers Farms, Inc.* v. *Consolidated Irr. Dist.*, *supra*, 128.) This statement is susceptible only of the interpretation that an irrigation district's governmental immunity is removed by this statute and that such districts are liable independently of their employees or officers.

Therefore, it would seem to follow that since section 2 of the Irrigation Liability Law and section 22727 of the Water Code are the same, and under the former a district is liable apart from its employees for a dangerous and defective condition, the district still remains liable separately under section 22727.

However, we are now told that this is not so, but that by some peculiar alchemy the transposition of the Irrigation District Liability Law into the Water Code altered the nature of these sections to such an extent that this court is now required to regard sections 22730 and 22731 of the Water Code as controlling. Thus, the district's liability would be limited to negligent acts of its officers in their official capacity. Furthermore we are told that in the Powers case "It is clear that we did not consider section 2 of the act [now Wat. Code, § 22727] as imposing liability upon the district for defective conditions because we expressly stated that the basis of liability was the constitutional provision [citation] and that the

act imposed no liability on the district other than the one to pay certain judgments against its officers [citation]."

As an original proposition the majority's construction of sections 22730 and 22731 might have been plausible, but it is now forestalled by the Powers case. Moreover, if this court now seeks to interpret the Powers case as not affecting the district's liability other than as described in sections 22730 and 22731, it will be necessary to modify the contrary language therein since a reading of that case makes it obvious such was not the interpretation when it was written.

To substantiate this latter statement one need only read this court's restatement of plaintiff's contention in the Powers case, which appears as follows: "The respondent . . . contends that the law [Irrigation District Liability Law] concerns actions sounding in tort; *that it has no reference to the general liability of the district, and should be construed as applying only to suits against directors, officers, agents, and employees, based on negligence, and to the secondary liability of the district, created by section 3* [now Wat. Code, § 22730], *to pay certain judgments against officers.*" (Emphasis added; 19 Cal.2d 123, 127-128.) This contention was rejected notwithstanding sections identical to sections 22730 and 22731 of the Water Code. This court stated that the statute could only be construed in the manner contended by ignoring the reference in the title to the liability of the irrigation district and the phraseology of section 2 (now Wat. Code, § 22727). There can be no question from this language that this court, at the time of the Powers case, viewed the district as liable apart from its officers.

The Powers case, then, established that the district's liability was twofold: (1) a general independent liability under section 2 of the liability law (now Wat. Code, § 22727) and (2) liability for the negligent act of its employees in their official capacity. The necessary implication of the decision being that sections 3 and 4 of the liability law (now Wat. Code, §§ 22730 and 22731) were only describing the conditions under which a district would be liable for the acts of its employees and were not limiting the district's independent liability. Thus, without sections 3 and 4 a district would not be liable for the acts of its employees when discharging governmental duties and activities since a statutory provision is necessary to remove the protection of governmental immunity (see *Nissen* v. *Cordua Irr. Dist.*, 204 Cal. 542, 545 [269 P. 171]; *Jackson & Perkins Co.* v. *Byron-Bethany Irr. Dist.*,

136 Cal.App. 375, 380 [29 P.2d 217, 30 P.2d 516]). Under sections 3 and 4 a district's liability for its employees follows only when a judgment is rendered against an employee who, acting in his official capacity, negligently injures another, and providing proper notice is given to the district (Wat. Code, §§ 22727, 22730, 22731). However, if this is the extent of the district's liability it is obvious there is a large gap between the persons who may recover against a district and those who are injured. The closing of this gap was achieved in the Powers case where this court construed the applicable sections as rendering the district liable under specified conditions apart from its employees. The court did not blur their intent but made it manifest that sections 3 and 4 were not to be regarded as trespassing on an injured person's right to proceed directly against the district apart from its employees. (*Powers Farms, Inc.* v. *Consolidated Irr. Dist., supra,* 128.)

Therefore, section 22727 affirmatively answers the majority's question of whether there is a statute declaring the district liable independently of its employees. Any doubt that this is its purpose or meaning is answered in *Powers Farms, Inc.* v. *Consolidated Irr. Dist., supra.* If there is some question concerning the legislative intent as to this section, the members of the court may draw comfort from the fact that the Legislature has apparently acquiesed to the Powers case and its implications since they were well aware of it but made no changes when codifying the Water Code.

Where plaintiff's complaint alleges compliance with the procedural prerequisites, as here, and sets forth proper grounds for a claim against the district, that is, a dangerous and defective condition is being maintained which caused an injury, this is all that is necessary to state a cause of action (see *Knight* v. *City of Los Angeles,* 26 Cal.2d 764, 766 [160 P.2d 779] ; *Insolo* v. *Imperial Irr. Dist.,* 147 Cal.App.2d 172, 175 [305 P.2d 176]).

For the foregoing reasons the trial court erroneously sustained defendant's general demurrer, and the judgment of dismissal which followed should be reversed.

Appellant's petition for a rehearing was denied April 16, 1958. Carter, J., was of the opinion that the petition should be granted.