[Civ. No. 9518.   Third Dist.   Feb. 13, 1959.]

HATTIE E. BRIGHT, Appellant, v. EAST SIDE MOS-
QUITO ABATEMENT DISTRICT et al., Respondents.

Bush, Ackley & Milich for Appellant.

Honey, Mayall & Hurley for Respondents.

SCHOTTKY, J.—This is an appeal from the judgment of dismissal entered after a demurrer to plaintiff's second amended complaint was sustained without leave to amend.

The East Side Mosquito Abatement District is a duly organized pest abatement district. Defendants Joe Phillips and Lonnie J. Owen were employees of the district. On September 24, 1954, Phillips and Owen were operating a jeep and trailer owned by the district on private property near a public highway. The employees in the performance of their duties released a chemical spray or fog which it was intended would settle on a field infested with mosquitoes. Instead the chemical fog blanketed the public highway for a distance of approximately 200 yards. At this time Hattie E. Bright was driving her car on the highway. The chemical fog enveloped her automobile and made it impossible for her to proceed as visibility declined to three or four feet. She decreased her speed and attempted to drive off the road, but before she could do so her vehicle was struck from the rear and the motor stalled. Mrs. Bright told her two granddaughters, who were passen-

gers, to get out of the car and seek a place of safety. Before Mrs. Bright was able to get out of the car the two children disappeared from her view into the fog. She heard them screaming and she left her car and stepped between the rear of her automobile and the vehicle which had struck her car. While she was there a second car struck the rear of the first vehicle, moving it forward and pinning her legs between the front end of the moving car and her automobile. Before she could be removed a third car hit the second, and again the first car was moved forward and shoved against Mrs. Bright's legs. As a result Mrs. Bright suffered serious injuries to her legs. She then filed a verified claim for damages with the district. After the claim was rejected she brought this action.

In her first amended complaint plaintiff alleged three causes of action against the district, its officers and its employees. The first cause of action alleged negligence of the two employees in releasing the chemical fog; the second cause of action alleged that the release of the fog impeded and obstructed the free and safe passage and use of the highway in the customary manner and made the highway dangerous and unsafe for vehicular traffic and that the obstruction constituted a nuisance; the third cause of action alleged that the employees of the district negligently operated the vehicle so as to cause the fog to blanket the highway and as a direct and proximate result of the operation of the vehicle plaintiff suffered injuries. The defendants entered a demurrer to the complaint. The trial court overruled the demurrer as to the two named employees, sustained with leave to amend as to the trustees and officers of the district and without leave to amend as to the district. A second amended complaint was then filed. Counts one and two were similar to counts one and two of the first amended complaint. The third count alleged that the employees of the district negligently operated the jeep and trailer so that a chemical fog blanketed the highway so as to cause the highway to become unsafe for vehicular traffic and as a result plaintiff's injuries occurred. A demurrer to the third cause of action was filed by the district, its trustees and its officers; and a motion to dismiss the first and second counts of the complaint was made. The trial court sustained the demurrer to the third count of the complaint without leave to amend and granted the motion to dismiss as to the first and second counts, and the second amended complaint was dismissed as to the district and its officers.

Plaintiff has appealed from the judgment of dismissal and

10

contends (1) that a cause of action against the district and its officers for nuisance was stated in the second cause of action; and (2) that the third cause of action of the second amended complaint stated a cause of action under the provisions of the Vehicle Code, section 400.

■ We shall first consider whether the facts alleged in the second cause of action show the acts of respondents complained of to be within the statutory definition of a nuisance. Section 3479 of the Civil Code states: "[Nuisance, what.] Anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway is a nuisance."

In the instant case the chemical spray released by the defendant district reduced visibility to zero on a heavily traveled public highway. Four automobiles were involved in the accident. It is clear that the spray was of such density that it obstructed the passage and use of the highway in the customary manner. One of the meanings of the word obstruct is "to hinder from passing, action, or operation; hence to hinder; impede; retard; as, clouds obstruct the light." (Webster's International Dictionary.)

Respondents argue that the word "nuisance" is a statutory term in California and that the Civil Code's use of the word "obstruct" is used in the sense of physical obstruction, that is, a barrier, but respondents have cited no authority which supports this contention. We cannot agree with respondents that the word "obstruct" as used in section 3479 can be so limited. The section declares that "anything which . . . obstructs the free passage or use, in the customary manner, of any . . . street, or highway is a nuisance." We think it is clear that it is the free passage or use, "in the customary manner," of the highway which is prohibited. Anything which does so is prohibited. In the instant case the complaint alleges that respondents caused to be released "a chemical fog, smoke or spray of such nature and density as to then and there impede and obstruct the free and safe passage and use, in the customary manner, of said Modesto-Waterford Highway (Highway 132) for a distance of approximately 200 yards in the vicinity of Garner Road, and made the same dangerous and unsafe for vehicular travel." ■ We are satisfied that a thick blanket of chemical fog which makes it impossible for a

motorist to see or to proceed safely down the highway is a nuisance within the meaning of said section 3479.

Respondents cite section 3482 of the Civil Code which reads: "Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance." Respondents argue that the above section precludes liability in this case because the respondent district was engaged in the very activity for which it was created, to wit, spraying for mosquitoes.

The general rule is stated in *People* v. *Glenn-Colusa Irr. Dist.*, 127 Cal.App. 30, at page 36 [15 P.2d 549]:

" 'A statutory sanction cannot be pleaded in justification of acts which by the general rules of law constitute a nuisance, unless the acts complained of are authorized by the express terms of the statute under which the justification is made, or by the plainest and most necessary implication from the powers expressly conferred, so that it can be fairly stated that the legislature contemplated the doing of the very act which occasions the injury.' "

While respondent district is authorized by statute to abate mosquitoes, this power cannot be construed so as to permit the district to abate mosquitoes in such a manner as to create a nuisance. In *Ambrosini* v. *Alisal Sanitary Dist.*, 154 Cal.App.2d 720 [317 P.2d 33] (hearing denied), the sanitary district constructed a sewer outfall under express statutory authorization. The court rejected the district's contention that section 3482 of the Civil Code precluded its liability for nuisance, declaring that express authority to construct a sewer outfall was not authority to construct a defective outfall.

In *People* v. *Glenn-Colusa Irr. Dist.*, *supra*, the court held that defendant district's rights to divert water from the Sacramento river, although expressly granted by statute, did not give it the right to do so without protecting the fish in the river, and that its failure to protect the fish was a public nuisance.

Having concluded that the facts alleged in the second cause of action come within the statutory definition of a nuisance, we shall next consider the question of whether or not a mosquito abatement district can be subject to a civil suit in the absence of a statute waiving immunity. As stated in the recent case of *Vater* v. *County of Glenn*, 49 Cal.2d 815, at page 818 [323 P.2d 85]:

"The general rule is that, in the absence of a statutory or constitutional provision to the contrary, the state and its

agencies are immune from liability for tort in the discharge of governmental duties and activities. (*Pianka* v. *State*, 46 Cal.2d 208, 210 [293 P.2d 458]; *Talley* v. *Northern San Diego County Hospital Dist.*, 41 Cal.2d 33, 36 [257 P.2d 22]; *Stang* v. *City of Mill Valley*, 38 Cal.2d 486, 488 [240 P.2d 980].) This rule has been applied to irrigation districts. (Citing cases.)''

It is clear that the abatement of mosquitoes by a mosquito abatement district is a governmental function. However, several cases have recognized an exception to the general rule where the governmental unit is maintaining a nuisance. In *Vater* v. *County of Glenn, supra,* plaintiff brought the action against Glenn County and the Glenn-Colusa Irrigation District for damages for wrongful death of her husband and son. The Supreme Court reviewed the doctrine of governmental immunity as it applied to the state and its agencies. (323 P.2d 87, 88.) At page 88, the court declared, ''Several cases have recognized an exception to the immunity doctrine where a governmental unit is maintaining a nuisance. (Citing cases.) In considering whether the facts alleged are sufficient to constitute a nuisance, we must keep in mind that, in order to state a cause of action based upon this theory, the plaintiff must show that a legislative body has declared the condition complained of to be a nuisance. (Citing cases.)'' The court then went on to state that the facts alleged in the complaint did not state facts sufficient to state a cause of action against the irrigation district for nuisance under section 3479 of the Civil Code and upheld the sustaining of defendant's demurrer on that ground.

It is to be noted that the court's decision was based not on the ground that irrigation districts were immune from liability for damages arising from nuisance but on the ground that the facts alleged did not constitute a nuisance. We believe that the language of the Supreme Court in the Vater case, *supra,* is susceptible of no other construction than that an irrigation district is liable for damages arising from nuisance, if the facts alleged spell out a nuisance under Civil Code section 3479.

Appellant contends also that the third cause of action of appellant's second amended complaint states facts sufficient to constitute a cause of action against the district and its officers under the provisions of section 400 of the Vehicle Code. It is there alleged that the district was the owner of a certain jeep to which was attached a trailer with spraying equipment mounted thereon; that this jeep and trailer were

being operated on private property at a point some 200 feet south of two intersecting roads for the purpose of spraying for mosquitoes on private property; that the defendants did so negligently operate said jeep and trailer so as to cause the same to spread a dense chemical fog, smoke, or spray in such a manner as to blanket the highway in the vicinity for a distance of 200 yards; and that as a direct and proximate result of the negligent operation of the vehicle and the collisions plaintiff was injured. Section 400 of the Vehicle Code provides that every district established by law is responsible to every person who sustains any injury as a result of the negligent operation of a motor vehicle.

Appellant argues that a jeep with trailer attached is a motor vehicle (Veh. Code, § 32) and that respondent district is liable for negligent operation of its jeep and trailer even though such operation was not on a public highway. Respondents in reply contend that the facts in the instant case do not show "operation" of a motor vehicle within the meaning of the Vehicle Code. They rely strongly on the case of *Chilcote* v. *San Bernardino County*, 218 Cal. 444 [23 P.2d 748], which was a case in which county oil trucks spilled oil on a county highway. Plaintiff's son was killed when his motor vehicle slipped on the oil, went out of control, and threw him to the road. The plaintiff contended that the county was liable under Vehicle Code, section 400. In affirming a judgment in favor of the county, the court held that the situation did not come within the contemplation of Civil Code section 1714½ (1931) (now codified in Veh. Code, § 400) which imposes liability for the *"negligent operation"* (emphasis added) by employees of the state. The court said at page 446: "Supplementing these facts are allegations that the condition of the highway was due to the negligent operation of motor oil trucks by servants of said county of San Bernardino. The injury under these allegations was primarily based upon the condition of the highway and, whether or not it was brought about by the negligence of the servants of the county is not the controlling factor in the situation. Therefore, in view of the construction we have placed on the word 'operation' in the statute, the complaint fails to state a cause of action."

However, as pointed out by appellant, the court in the Chilcote case construed the word "operation" as follows: "That is, to be in operation, the vehicle must be in a 'state of being at work' or 'in the active exercise of some specific

function' by performing work or producing effects *at the time and place the injury is inflicted.* (Italics added.)''

We are here concerned with the question of whether or not a general demurrer to the third cause of action should have been sustained. We believe that the allegations are sufficient to bring the cause of action under the provisions of section 400 of the Vehicle Code.

If a person drove an automobile down a dusty road in such a manner that the dust raised obscured the vision of a motorist who followed him and the driver of the following vehicle was injured because he ran off of the road because of obscured vision, it would seem that the driver of the second vehicle was injured because of the negligent operation of the first vehicle. If a car with a faulty muffler exuded smoky fumes which obscured the road, it would seem that a person injured because of reduced vision would have been injured in part because of the faulty operation of a motor vehicle. The only difference in the instant case is that the point of emission of the spray was at a distance from the spot where the fog settled over the highway. But this would only go to the question of negligence which would be a question for the jury. (*Henderson* v. *Northam,* 176 Cal. 493 [168 P. 1044].) In the instant case the jeep and the trailer were operated as a unit. The jeep was in operation. A spray was being emitted from the trailer portion of the motor vehicle. It was alleged that this was the cause of plaintiff's injuries. As against a general demurrer we believe that sufficient was alleged to state a cause of action under the provisions of the section. The statute is broad enough to embrace an injury which results from the negligent operation of a vehicle. It is not limited to situations where a person is injured because of contact with a vehicle.

No other points require discussion.

For the reasons hereinbefore set forth we conclude that the court erred in granting the respondents' motion to dismiss the second cause of action of the second amendment and in sustaining without leave to amend respondents' demurrer to the third cause of action.

The judgment of dismissal is reversed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

A petition for a rehearing was denied March 11, 1959, and respondents' petition for a hearing by the Supreme Court was denied April 8, 1959.

---

*Assigned by Chairman of Judicial Council.