[Civ. No. 5988.   Fourth Dist.   Nov. 12, 1959.]

WILLIAM HOWARD McKAY, JR., et al., Appellants, v. COUNTY OF RIVERSIDE et al., Defendants; PALO VERDE IRRIGATION DISTRICT, Respondent.

Richard E. Reese and Miller, Nisson, Kogler & Wenke for Appellants.

King & Mussell, O. E. Simmons and C. C. Taber for Respondent.

MONROE, J. pro tem.*—Plaintiffs and appellants, being the surviving children and heirs at law of William Howard McKay, Sr., and his wife, bring action for damages for their death. The action is against county of Riverside, the Palo Verde Irrigation District and individual defendants. After answer, the irrigation district filed a motion to dismiss the action as to it upon the sole ground that the complaint failed to state a cause of action. The motion was granted and a judgment dismissing the action as to the Palo Verde Irrigation District was entered, from which judgment the plaintiffs appeal.

Plaintiffs contend first that the court erred in sustaining the motion to dismiss for the reason that such motion was not a proper remedy and, secondly, further claim if the complaint did not state a cause of action against the irrigation district that a cause of action could have been so stated.

Appellants rely largely upon the expression of the court in *Pianka* v. *State*, 46 Cal.2d 208 [293 P.2d 458], to the effect that the statutory provision for summary judgment in section 437c of the Code of Civil Procedure should be followed as taking the place of the former procedure, commonly referred to as a "speaking motion." That case, however, has to do with a situation where the defendant, by a motion to dismiss supported by affidavit, sought a dismissal of the action on the ground that the acts complained of were within the governmental immunity from actions for damages growing out of

---

*Assigned by Chairman of Judicial Council.

carrying on the activities of a governmental agency. In that case, the Supreme Court stated that in the interest of orderly and efficient administration of justice a party should be required to employ the statutory remedy by way of application for a summary judgment. It was further held that the affidavit merely created a conflict with the allegations of fact in the complaint and that, therefore, no summary judgment could have been properly rendered.

A different situation is presented by the case at bar. Here the sole question was whether or not a cause of action was stated against the irrigation district. It was the position of the defendant district that as a governmental agency it was not subject to liability for damages for injuries occasioned by carrying on the activities for which it was organized. The question of whether a cause of action could be maintained at all was one which could have been raised by demurrer.

In *Lavine* v. *Jessup*, 48 Cal.2d 611 [311 P.2d 8], the Supreme Court has clarified its ruling and has held that in such a situation the question whether a cause of action has been stated is one of law. In such case the granting of a motion to dismiss, followed by judgment of dismissal, will be considered in the same light as a judgment upon sustaining of a demurrer without leave to amend and such judgment will be subject to the same tests upon appeal. The appellants suggest that a demurrer was not available because answer had already been filed. ■ However, where the question is whether a complaint states any cause of action against a defendant that question is always available whether demurrer be filed or not. It has long been recognized that such question can be raised upon objection to the introduction of any evidence in support of the complaint. (21 Cal.Jur. (Pleading) 252.)

As heretofore stated, the only question involved was whether the action could be maintained against the irrigation district. It was alleged in the complaint that a highway maintained by the defendant county ended at a canal maintained by the irrigation district, and that by reason of the failure to properly protect the canal by signals or guard rails or other warning devices the deceased and his wife drove their automobile into the canal and met death.

■ The trial court expressly based its decision upon *Vater* v. *County of Glenn*, 49 Cal.2d 815 [323 P.2d 85]. This decision seems to be decisive. In that case damages were sought for the alleged negligent failure to properly protect the crossing over the irrigation ditch of the district, and a demurrer without

leave to amend was sustained and judgment rendered thereon. Affirming the action of the lower court it was held that the irrigation district, as an agency of the state, was immune from liability for tort in the discharge of governmental duties and activities. Numerous California cases are cited in support of the rule as applied to irrigation districts, including *Nissen* v. *Cordua Irr. Dist.*, 204 Cal. 542 [269 P. 171] and *Whiteman* v. *Anderson-Cottonwood Irr. Dist.*, 60 Cal.App. 234 [212 P. 706]. In the latter decision, the court carefully reviewed the decisions and held that a demurrer should be sustained where there was a failure to allege any facts which would indicate that the damages arose from any activity of the district in a proprietary capacity. The distinction is recognized in *Yolo* v. *Modesto Irr. Dist.*, 216 Cal. 274 [13 P.2d 908], in which the California decisions are carefully reviewed and the distinction is pointed out between the activities of the irrigation district in maintaining works for the distribution of water for irrigation and acts in its proprietary capacity, such as the manufacture and sale of electric power to the public generally.

It must be taken as established by the decisions of this state, therefore, that the activities of an irrigation district in connection with maintaining canals for the distribution of irrigation water are considered as acts in its governmental capacity, and therefore immune from actions for damages for negligence in connection therewith.

The appellants contend that, because an irrigation district may be held liable in its proprietary capacity, the motion should not have been granted and the case dismissed, contending that had the point been raised upon demurrer some allegation might have been made in an amended complaint which would have avoided the immunity of the governmental agency. This contention is not well taken.

The allegations of both the complaint and the amended complaint are such that it is obvious that no amendment could have been made which could have avoided the rule of the Vater case. The plaintiffs alleged that the highway maintained by the county came to an end at the canal of the irrigation district. It was specifically alleged that the negligence of the defendants consisted in the failure to provide and maintain adequate warnings, signals or safety devices to warn an operator of automobiles on the highway that the highway did not continue on, and the failure to erect and maintain signs, guard rails or barriers to prevent traffic upon the highway

from running into the canal.  By the express allegations of the complaint the claim of negligence as against the irrigation district was that it was negligent in maintaining its canal because it failed to protect the same with barriers or warnings to prevent traffic on the highway from running into it.  In view of the express allegations of the complaint, it becomes obvious that no amendment could have been made that would have indicated that the damage arose from any act of the district in a proprietary capacity.   (See *Zeppi* v. *State,* 174 Cal.App.2d 484 [345 P.2d 33].)

Judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.