37 Cal.Rptr. 438, 390 P.2d 206]

[S. F. No. 21614.  In Bank.  Mar. 19, 1964.]

WILLIAM A. HENDERSON et al., Petitioners, v. THE SUPERIOR COURT OF MARIN COUNTY, Respondent; BOARD OF SUPERVISORS OF MARIN COUNTY et al., Real Parties in Interest.

John P. Rooney and Dennis M. Day for Petitioners.

No appearance for Respondent.

Thomas Storer, in pro. per., and Douglas J. Maloney, County Counsel, for Real Parties in Interest.

THE COURT.—Petitioners, qualified electors of the First and Second Supervisorial Districts of Marin County, acting on behalf of all such electors, seek by this proceeding in mandate to compel the board of supervisors, the real party in interest, to reapportion the supervisorial districts of Marin County to make them substantially equal in population.

Petitioners allege that the supervisorial districts are so disproportionate in populations as to contravene the legislative direction contained in section 25001 of the Government Code,[1] and to deny to them and others similarly situated constitutional protections accorded by the Fourteenth Amendment to the federal Constitution.  They further al-

[1]Section 25001 of the Government Code provides: ''By a two-thirds vote of the members, the board may change the boundaries of any or all of the supervisorial districts of a county.  The districts shall be as nearly equal in population as may be, except that in establishing the boundaries of the districts the board may give consideration to the following factors: (a) topography, (b) geography, (c) cohesiveness, contiguity, integrity, and compactness of territory, and (d) community of interests of the districts.''

lege that the board has arbitrarily refused to reapportion in accordance with section 25001 as directed by this court in *Griffin* v. *Board of Supervisors,* 60 Cal.2d 318 [33 Cal.Rptr. 101, 384 P.2d 421], and *Griffin* v. *Board of Supervisors,* 60 Cal.2d 751 [36 Cal.Rptr. 616, 388 P.2d 888].

The board, while not conceding the denial of statutory or constitutional rights, nevertheless has represented that it has acted and will continue to act in good faith to take necessary reapportioning action to conform to statutory and constitutional mandates. It pleads, however, that the imminency of pending elections makes it impracticable, if not impossible, to redistrict the county and prepare for such elections within the time now available.

We take note that the primary election in Marin County, and elsewhere throughout the state, will be held on June 2, 1964 (Elec. Code, § 26) and that a declaration of candidacy for the office of supervisor of a specified district cannot be made after March 20, 1964. (Elec. Code, § 6511.) We are aware of the immense task involved and of the many collateral rights which may be prejudiced should redistricting take place before the primary election, or between the primary and general election on November 2, 1964. (Elec. Code, § 23.) For such reasons, and for such reasons alone, we are persuaded to the conclusion that justice will best be served if we refrain from making an adjudication at this time.

As the board of supervisors is required to comply with the mandate of the applicable law the further mandate of this court at the present time is not necessary to the accomplishment of a proper and orderly apportionment of population among the supervisorial districts in Marin County. However, should the board fail to discharge its duty to properly redistrict the county (see *Griffin* v. *Board of Supervisors, supra,* 60 Cal.2d 318, and *Griffin* v. *Board of Supervisors, supra,* 60 Cal.2d 751) by a date not later than January 15, 1965, this court shall hold further hearings and enter further orders as may be necessary or appropriate upon its own motion or the motion of any party, and we hereby retain jurisdiction for such purposes.

This decision is final forthwith.