[Civ. No. 9918. Fourth Dist., Div. One. Sept. 18, 1970.]

BETTY G. GIRTH et al., Plaintiffs and Appellants, v.
RAYMOND L. "LOM" THOMPSON et al., Defendants and Respondents.

## COUNSEL

James D. Lorenz, Jr., Robert Gonzales and Fred Altshuler for Plaintiffs and Appellants.

Robert S. Fox and Fielding Kimball as Amici Curiae on behalf of Plaintiffs and Appellants.

Horton, Knox, Carter & Foote and James H. Carter for Defendants and Respondents.

Sherwood Green and Denslow Green as Amicus Curiae on behalf of Defendants and Respondents.

## OPINION

**COUGHLIN, Acting P. J.**—Plaintiffs appeal from a judgment of dismissal following an order sustaining a demurrer to their amended complaint without leave to amend.

The amended complaint sought a change in the boundaries of the five

electoral divisions of the Imperial Irrigation District; was filed by the plaintiffs as registered voters on behalf of themselves and all registered voters within Divisions One, Two and Four; and in two counts set forth two theories allegedly requiring such a change premised respectively upon an application of the "one man, one vote" rule stated and applied in *Avery v. Midland County,* 390 U.S. 474 [20 L.Ed.2d 45, 88 S.Ct. 1114], and of the rule prescribed by Water Code section 21605. Defendants demurred upon the ground neither count in the amended complaint stated a cause of action, and upon the further ground there was "a misjoinder of parties Plaintiff purporting to represent a class action without 'community of interest'." The court sustained the demurrer on all grounds without leave to amend.

The primary issue on appeal is whether the directors of the district should be required to change the existing boundaries of the five electoral divisions.[1]

■ At the outset we direct attention to the fundamental rule that in determining the sufficiency of a complaint attacked by a general demurrer all facts expressly alleged, and those supplied by implication or inference from the facts alleged, must be taken as true. (*Harvey v. City of Holtville,* 271 Cal.App.2d 816, 819 [76 Cal.Rptr. 795].) Our consideration of the controlling facts in the case will be governed by this rule.

The Imperial Irrigation District is governed by the provisions of the Irrigation District Law contained in the Water Code (Wat. Code, § 20500 et seq.); is a state agency with delegated powers; and is divided into five electoral divisions, the residents of each division electing a director to the board of directors which exercises the powers conferred upon the district. (Wat. Code, §§ 21550, 21551, 21385.) The board is authorized to change the boundaries of the divisions; and in doing so acts under the statutory mandate such "changes shall be made to keep the divisions as nearly equal in area and population as may be practicable." (Wat. Code, § 21605.)
■ When a substantial inequality between the divisions occurs, either in land or population, the board must change the boundaries of the divisions to effect the equality prescribed by the statute. In the event the board refuses to effect such changes, it may be compelled to perform its duty in the premises. (*Griffin v. Board of Supervisors,* 60 Cal.2d 318, 322

---

[1]Plaintiffs pray for an injunction and declaratory relief. The appropriate remedy is mandamus and declaratory relief. (*Silver v. Brown,* 63 Cal.2d 270, 272 [46 Cal.Rptr. 308, 405 P.2d 132]; *Henderson v. Superior Court,* 61 Cal.2d 883 [37 Cal.Rptr. 438, 390 P.2d 206]; *Miller v. Board of Supervisors,* 61 Cal.2d 885 [37 Cal.Rptr. 440, 390 P.2d 208]; *Yorty v. Anderson,* 60 Cal.2d 312, 317 [33 Cal.Rptr. 97, 384 P.2d 417].) We disregard the prayer for injunctive relief as immaterial to a disposition of the issues on appeal.

[33 Cal.Rptr. 101, 384 P.2d 421]; *Thompson* v. *Board of Directors,* 247 Cal.App.2d 587, 594 [55 Cal.Rptr. 689].)

■  As alleged in the amended complaint, a substantial inequality exists between the divisions of the district, both in land and population; premised on the 1960 United States Census there were 68,341 persons residing in the district of which 26,295 were in Division One, 11,152 in Division Two, 5,467 in Division Three, 18,620 in Division Four, and 6,807 in Division Five; premised on the 1966 Department of Commerce Census there were 74,139 persons residing in the district of which 30,366 were in Division One, 13,121 in Division Two, 4,671 in Division Three, 19,575 in Division Four, and 6,406 in Division Five; there are 613,000 acres of land in the district of which 82,000 are in Division One, 73,000 in Division Two, 175,000 in Division Three, 161,000 in Division Four, and 122,000 in Division Five; it is "practicable to re-establish the boundaries of the electoral Divisions of the I.I.D. [Imperial Irrigation District] in a manner which would eliminate the wide deviations from the statutory standard which now exist"; it is "practicable to create five electoral Divisions which are more nearly equal in both area and population than are the existing Divisions"; "despite the wide deviations from the statutory standard as to both area and population, the Board of Directors . . . has failed and refused, and continues to fail and refuse, to take remedial steps . . . to redraw the boundaries of the electoral Divisions so as to make the Divisions as nearly equal in land area and population as is practicable"; and the Board has refused a request to reapportion the Divisions "pursuant to Section 21605."

The foregoing statement of the facts and the law in the premises dictates the conclusion the amended complaint states a cause of action to compel the board to discharge the duty imposed upon it by Water Code section 21605, and for a declaratory judgment in the premises.

■  The count in the amended complaint premised on the "one man, one vote" rule seeks a change of boundaries of the divisions to eliminate the existing disparity in population between them, and to effect an equality between the divisions premised on equality of population regardless of equality of land. The statute, i.e., section 21605, requires the divisions should be "as nearly equal in area and population as may be practicable." Assuming the "one man, one vote" rule applies, it does not relieve the board of the duty to effect equality between the divisions on the basis of land as well as population. Stated otherwise, the constitutional guarantee of equal protection of the law, which is the parent of the "one man, one vote" rule, does not prohibit the state from prescribing a standard of equality between the divisions based on land as well as population. Even

in those instances where the "one man, one vote" rule controls some deviation from strict population equality is permissible providing the population concept is not submerged. (*Reynolds* v. *Sims,* 377 U.S. 533, 579-581 [12 L.Ed.2d 506, 537-539, 84 S.Ct. 1362, 1390-1392]; *Miller* v. *Board of Supervisors,* 63 Cal.2d 343, 348 [46 Cal.Rptr. 617, 405 P.2d 857]; *Griffin* v. *Board of Supervisors, supra,* 60 Cal.2d 318, 320; see also *Avery* v. *Midland County, supra,* 390 U.S. 474, 483-484 [20 L.Ed.2d 45, 52-53, 88 S.Ct. 1114, 1120]; cf. *Schindler* v. *Palo Verde Irr. Dist.,* 1 Cal.App.3d 831, 839 [82 Cal.Rptr. 61].)

Defendants resist application of the "one man, one vote" rule to the case at bench upon the ground it does not apply to an irrigation district, relying upon the holding in *Thompson* v. *Board of Directors, supra,* 247 Cal.App.2d 587, 590. Basic to the decision in *Thompson* is the conclusion an irrigation district possesses "none of the essential characteristics which would require the application of the 'one man, one vote' doctrine"; is formed "to provide a service which can be and often is provided by a quasi-public corporation"; and "in accomplishing its purpose it does not exercise general powers of government." (*Thompson* v. *Board of Directors, supra,* 247 Cal.App.2d 587, 592, 593.) Decisions by the United States Supreme Court following *Thompson* cast serious doubt upon its controlling effect. In *Hadley* v. *Junior College Dist. of Met. Kansas City,* 397 U.S. 50 [25 L.Ed.2d 45, 90 S.Ct. 791, 795], the court stated: "We therefore hold today that as a general rule, whenever a state or local government decides to select persons by popular election to perform governmental functions, the Equal Protection Clause of the Fourteenth Amendment requires that each qualified voter must be given an equal opportunity to participate in that election, and when members of an elected body are chosen from separate districts, each district must be established on a basis which will insure, as far as is practicable, that equal numbers of voters can vote for proportionally equal numbers of officials." The effect of this decision, as viewed by three members of the court joining in a dissenting opinion, is that it "forebodes, if indeed the case does not decide, that the rule is to be applied to every elective public body, no matter what its nature." (*Hadley* v. *Junior College Dist. of Met. Kansas City, supra,* 90 S.Ct. 791, 797 [397 U.S. 50, 25 L.Ed.2d 45]; see also *Cipriano* v. *City of Houma,* 395 U.S. 701 [23 L.Ed.2d 647, 89 S.Ct. 1897]; *Kramer* v. *Union Free School Dist.,* 395 U.S. 621 [23 L.Ed.2d 583, 89 S.Ct. 1886]; *Schindler* v. *Palo Verde Irr. Dist., supra,* 1 Cal.App.3d 831, 835-837.)

The Imperial Irrigation District supplies irrigation water and electrical power to the Imperial Valley. The residents of Imperial County "have no practical alternative" to the Irrigation District "as a source of water and electrical power." The district has authority to control, treat and salvage

sewage water for the beneficial use of the district "or its inhabitants" (Wat. Code, § 22078); to acquire land for airport purposes, and operate an airport (Wat. Code, §§ 22141, 22145); to engage in and finance flood control projects (Wat. Code, § 22160 et seq.); to employ an expert in agriculture and related matters to perform duties for the general welfare of the people of the district as prescribed by the board (Wat. Code, § 22232); to acquire property by any means including eminent domain (Wat. Code, §§ 22425, 22456); to obtain funds through the issuance of bonds (Wat. Code, § 24950), the levy of assessments against the land in the district (Wat. Code, § 22950), and through the imposition of charges for any services furnished by the district (Wat. Code, § 22280); and to effect the payment of its bonds through the levy of an assessment or the use of revenue from charges for its services (Wat. Code, § 25655). The district is subject to the provisions of the statute conferring governmental immunity and to the exceptions therefrom imposing liability. (Gov. Code, § 811.2; see *Vater* v. *County of Glenn,* 49 Cal.2d 815 [323 P.2d 85].)

The activities and authority of the Imperial Irrigation District, as outlined, indicate the probability it is a governmental agency exercising governmental powers within the scope of the decisions in *Hadley* v. *Junior College Dist. of Met. Kansas City, supra,* 90 S.Ct. 791 [397 U.S. 50, 25 L.Ed.2d 45], and the probability the decision in *Thompson* v. *Board of Directors, supra,* 247 Cal.App.2d 587, to the contrary may not be applied to the case at bench. However, we make no determination on this issue in light of the fact some deviation from the strict population equality rule is permissible (*Avery* v. *Midland County, supra,* 390 U.S. 474, 483 [20 L.Ed.2d 45, 52-53, 88 S.Ct. 1114, 1120-1121]; *Reynolds* v. *Sims, supra,* 377 U.S. 533, 579 [12 L.Ed.2d 506, 537, 84 S.Ct. 1362, 1390-1391]; see also *Schindler* v. *Palo Verde Irr. Dist., supra,* 1 Cal.App.3d 831, 839); there may be a showing justifying such deviation; and, in any event, the board is required to change the boundaries of the divisions to effect an equality thereof on the basis of population as well as land insofar as practicable. ▮ The "one man, one vote" rule requires only such equality as is practicable. (*Reynolds* v. *Sims, supra,* 377 U.S. 533, 577 [12 L.Ed.2d 506, 536, 84 S.Ct. 1362, 1390].) ▮ The statute, i.e., Water Code section 21605, imposes the same requirement. The amended complaint alleges it is practicable to change the boundaries of the divisions to effect equality both on the basis of population and land, and states a cause of action even though the constitutionally imposed "one man, one vote" rule does not apply to an irrigation district.

▮▮ Defendants' contention their demurrer properly was sustained on the ground there was a misjoinder of plaintiffs in that the latter purport to represent a class without "community of interest" even though meri-

torious, is of no avail. Plaintiffs brought the action for themselves as well as for the class. The action on their behalf as registered voters was proper. Their purported representation of "all registered voters" residing in three of the divisions in the district was improper absent allegations showing the latter shared the same community of interest as plaintiffs. (Gen. see 15 Cal.Jur.2d 153, § 29.) It is obvious the interests of registered voters in the district respecting the boundaries of the divisions might be affected differently, depending upon whether they were land owners or nonland owners, even though all were registered voters. The allegation plaintiffs were registered voters and brought the action on behalf of "all registered voters" does not establish a community of interest in the action between plaintiffs and the class they purport to represent. However, even though the ground of misjoinder was well taken, it did not authorize the order sustaining the demurrer without leave to amend, nor a dismissal of the action by plaintiffs as individuals.

The judgment is reversed.

Whelan, J., and Ault, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 3, 1970. Peters, J., was of the opinion that the petition should be granted.