[Civ. No. 1700. Fifth Dist. Oct. 4, 1973.]

CITY OF MODESTO, Plaintiff and Respondent, v.
MODESTO IRRIGATION DISTRICT et al., Defendants and Appellants.

[Civ. No. 1701. Fifth Dist. Oct. 4, 1973.]

CITY OF MODESTO, Plaintiff and Respondent, v.
TURLOCK IRRIGATION DISTRICT et al., Defendants and Appellants.

## COUNSEL

Charles A. Legge, Bronson, Bronson & McKinnon, Warren F. Gant, Gant & Gant, Ernest Geddes and Cook, Griffith & Geddes for Defendants and Appellants.

Elwyn L. Johnson, City Attorney, and Bruce W. Liedstrand, Assistant City Attorney, for Plaintiff and Respondent.

## OPINION

**GARGANO, Acting P. J.**—Respondent, the City of Modesto, is a municipality operating under a home rule charter. Appellants, the Modesto and Turlock Irrigation Districts, are state agencies functioning pursuant to the provisions of the Irrigation District Law as set forth in division 11,

commencing with section 20500 of the Water Code; they are presently distributing and selling electrical energy within the boundaries of the chartered city.

In 1970 respondent adopted a utility users' tax ordinance imposing a tax upon every person in the city who uses water, gas, electricity and telephone service; the tax, in the amount of 5 percent of the monthly or bi-monthly utility charge, is paid by the service user (the consumer), but must be collected by the service supplier. The districts refused to collect the tax and the city instituted this litigation in the court below to compel them to do so; the districts filed a joint appeal from the adverse judgments which followed.

Appellants do not, nor can they, deny that the city's utility users' tax is a valid exercise of a chartered city's power to tax for revenue purposes. (*Rivera* v. *City of Fresno,* 6 Cal.3d 132 [98 Cal.Rptr. 281, 490 P.2d 793].) Nor do they contend that the city's tax is an impermissible tax against state agencies for the privilege of distributing electricity to city consumers; the city's utility users' tax, unlike a sales tax levied by a city or county pursuant to the authority of the Bradley-Burns Uniform Local Sales and Use Tax Law (Rev. & Tax. Code, § 7200 et seq.) is a tax against the utility user, not the utility supplier. **(1)** The appellants are arguing that they cannot be compelled to collect the city's tax because the ordinance, to the extent that it applies to them, impinges on the state's sovereignty over local entities; they assert that the collection requirement of the city ordinance is a regulation and that this regulation, if extended to state agencies, contravenes the almost universal rule throughout this country that the activities of the state and its agencies cannot be controlled or regulated by local entities in the absence of legislative consent. (*Hall* v. *City of Taft,* 47 Cal.2d 177 [302 P.2d 574]; *In re Means,* 14 Cal.2d 254 [93 P.2d 105]; *Davidson County* v. *Harmon,* 200 Tenn. 575 [292 S.W.2d 777]; *City of Charleston* v. *Southeastern Const. Co.,* 134 W.Va. 666 [64 S.E.2d 676].)

Appellants' contention runs counter to the doctrine of *stare decisis.* The California Supreme Court has held that an irrigation district which manufactures, distributes and sells electrical energy, in competition with public service corporations, is engaged in a proprietary activity. (*Yolo* v. *Modesto Irr. Dist.,* 216 Cal. 274, 278 [13 P.2d 908].) The high court has also held that a city ordinance requiring utility companies supplying utility services within the city to collect the city's ". . . utility users' tax and remit to the city does not constitute forbidden or conflicting regulation of the utility." (*Rivera* v. *City of Fresno, supra,* 6 Cal.3d 132, 139.) If a city operating

under a home rule charter can compel a public utility to collect the city's utility users' tax without engaging in impermissible regulation in a field of regulation preempted by the state under the Constitution, and if an irrigation district which sells electrical energy within city boundaries in competition with public utilities is involved in a proprietary activity, how can it be argued plausibly that the collection requirement of respondent's ordinance, if applied to that proprietary activity, is regulation which impinges on the state's sovereignty.

Appellants argue that the *Yolo* decision is not authoritative because in that case the court was not concerned with the relationship between an irrigation district and a city; the issue was whether such a district was entitled to assert the defense of governmental immunity in a tort action.

The *Yolo* court did not limit the perimeters of its decision to governmental immunity. If anything, the court made it very clear that an irrigation district's main purpose is to develop, preserve and conserve water for the beneficial use of the inhabitants of the district and that in exercising the ancillary right to distribute and sell electrical energy, both within and without its boundaries, the district is ". . . 'engaged in a *purely proprietary enterprise additional to and not necessary for irrigation purposes, . . .'*" (Italics added; *Yolo* v. *Modesto Irr. Dist., supra,* 216 Cal. 274, 279.)

Appellants also argue that the rationale of the *Yolo* decision has been superseded by the 1943 enactment of sections 22116 and 22117 of the Water Code.

Section 22116 provides: "All provisions of the California Irrigation District Act, and of all acts amendatory thereof and supplemental thereto, applying to irrigation shall, as codified in this division, also be so construed and enforced as to apply to electrical power." Section 22117 provides: "The officers, agents, and employees of districts have the same powers, duties, and liabilities respecting electric power and the acquisition, operation, and control relating to it as they have respecting irrigation or districts."

Sections 22116 and 22117 were derived from the statute of 1919 and subsequent amendments (Stats. 1919, ch. 370, p. 778; Stats. 1921, ch. 644, p. 1083; Stats. 1923, ch. 300, pp. 629-630; Stats. 1941, ch. 345, pp. 1600-1601) and language substantially similar to the language contained in the sections was considered by the Supreme Court in the *Yolo* opinion. (*Yolo* v. *Modesto Irr. Dist., supra,* 216 Cal. 274, 277-278.) The

*Yolo* decision is viable and authoritative. (*McKay* v. *County of Riverside,* 175 Cal.App.2d 247, 250 [345 P.2d 949].)

We affirm the judgment for another reason. The power of a city operating under a home rule charter to levy a utility users' tax is a municipal affair and stems from the Constitution. (Cal. Const., art. XI, § 5; *Rivera* v. *City of Fresno, supra,* 6 Cal.3d 132, 135; *West Coast Adver. Co.* v. *San Francisco,* 14 Cal.2d 516, 521-522 [95 P.2d 138].) But, it is obvious that such city has no practical nor economical means of collecting such a tax without the cooperation of the supplier of the utility service. For example, to collect a mere 5 percent of the monthly or bi-monthly charges made by appellant districts for electrical energy supplied to city users, the city would have to audit the books and records of each district on a monthly or bi-monthly basis in order to ascertain the exact charges made by the districts, and then the city would have to bill separately each user *or* the city would have to duplicate the meter reading and billing procedures of the districts *or* the city would have to canvass each user to find the amount charged. It seems clear to us that the cost of collection could, in many cases, exceed the tax bill and that a substantial part, if not all, of the city's tax revenue from the use of electrical energy by city consumers sold by the districts would be lost in the collection process.

It is basic that the power to tax carries with it the corollary power to use reasonable means to effect its collection; otherwise, the power to impose a tax is meaningless. (*Ainsworth* v. *Bryant,* 34 Cal.2d 465, 476 [211 P.2d 564].) It is also basic that if there is a conflict between the California Constitution and a law adopted by the Legislature, the California Constitution prevails. While irrigation districts may be state agencies, they are nevertheless creatures of the Legislature, and like the Legislature must submit to a constitutional mandate; the California Constitution is the paramount authority to which even sovereignty of the state and its agencies must yield. It follows that the collection requirement of respondent's ordinance, though applicable to state agencies, is a reasonable exercise of the city's constitutional power to tax for revenue purposes.

The remaining arguments are diversionary. Appellants insist, for example, that the duty of collection and the penalties imposed in connection therewith thrust upon irrigation districts economic liabilities and duties not imposed by the law under which they are formed. The obligation to collect the tax results from the city's exercise of a constitutional right and the authority of the Constitution prevails. Under respondent's ordinance, the districts are merely conduits for the collection of the city's tax; they are not liable for the tax itself or the cost of collection; the trial court has

ordered the city to reimburse the districts for all costs incurred in the collection process. While penalties are imposed, they are imposed only after the tax has been collected and, presumably, to expedite the remittance process.

While not mentioned by the parties, we note that the city's ordinance delegates to the city finance director the power to assess penalties against the person who, after having collected the city tax through negligence or fraud, fails to report or remit the tax. Arguably, this provision of the city's ordinance is arbitrary and not essential to a reasonable exercise of the city's constitutional power to tax for revenue purposes; as to public districts, the prerogative to impose penalties against public employees for negligent and fraudulent conduct should rightfully belong to the Legislature.

We do not reach the question as to whether the penalty provision of the city's ordinance is invalid, particularly if applied to appellant districts. The provision is severable; it does not touch the main question presented and briefed by the parties and is not before the court.

The judgments are affirmed.

Franson, J., and Joy, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.